Herbert R. **ASHCRAFT**, Appellant,

v.

**STATE of Texas**, State.

No. 2–90–116–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 29, 1991.

J.W. Tottenham (Deceased) Fort Worth, for appellant.

Chris Marshall, Fort Worth, for the State.

Before LATTIMORE, MEYERS and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Herbert R. Ashcraft appeals from the trial court's determination that he was guilty of injury to a child. *See* TEX.PENAL CODE ANN. § 22.04(a)(4) (Vernon Supp.1991). The trial court assessed appellant's punishment at four years in the penitentiary, probated.

After the record was filed in this court, but before Ashcraft's brief was due to be filed, we received information that his attorney had died. Therefore, we abated this appeal to the trial court for a hearing to determine whether Ashcraft desired to continue his appeal and for appointment of new counsel, if necessary. The trial court sent a letter to Ashcraft, advising him of the time and date of the hearing on abatement, but the letter was returned, marked "NO SUCH ADDRESS." The trial court then scheduled another hearing, and sent a copy of the notice letter to Ashcraft at three separate addresses. Ashcraft did not appear at the hearing, but he called the trial court coordinator after the time scheduled for the hearing. The court coordinator told Ashcraft to be in court the following Monday morning, but he failed to appear. The trial court concluded that appellant had abandoned his appeal.

After our court received the supplemental record evidencing these proceedings in the trial court, we ordered Ashcraft to file a brief on or before November 19, 1990 and we further ordered that the appeal be submitted without briefs if he did not do so. Additionally, we ordered Ashcraft to furnish his current address and phone number to this court. A copy of this order was sent to Ashcraft at the three addresses the trial court used, as well as another possible address that we found in the record. Ashcraft has made no response to the order. Under these circumstances, we conclude that we should submit this appeal without briefs, and review the record for fundamental error. *See Meza v. State,* 742 S.W.2d 708, 708–709 (Tex.App.—Corpus Christi 1987, no pet.); *Allen v. State,* 730 S.W.2d 374, 375–376 (Tex.App.—Dallas 1987, no pet.); *Roblow v. State,* 729 S.W.2d

358, 359 (Tex.App.—Dallas 1987, no pet.); TEX.R.APP.P. 74(*l* ); *see also Coleman v. State,* 774 S.W.2d 736, 737–739 (Tex.App.— Houston [14th Dist.] 1989, no pet.), where the court of appeals reviewed the record for "reversible error."

We have reviewed the indictment and note that it charges Ashcraft with injury to a child in the terms of the statute authorizing conviction. *See* TEX.PENAL CODE ANN. § 22.04(a)(4). Ashcraft was charged with having caused bodily injury to a child under age 15 by striking him with his fist and throwing him against a brick wall. The eleven-year-old victim testified that Ashcraft grabbed him, threw him against a brick wall, and banged his head against the wall four times. He said he lost consciousness for five to ten seconds after the assault. Ashcraft testified that he pushed the victim against the wall and the victim's head bounced against the wall, even though he had not intended this result. However, Ashcraft admitted that he intentionally hit the boy's head against the wall a second time. We conclude that this evidence is sufficient to show that Ashcraft intentionally or knowingly caused bodily injury to a child under the age of 15 years.

We have reviewed the entire record and find that there is no fundamental error. The trial court's judgment is affirmed.