Randy Lorine CARROLL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–393–CR.

Court of Appeals of Texas,
Waco.

April 17, 2002.

Randy Lorine Carroll, Chandler, pro se.

John W. Segrest, McLennan County Dist. Atty., James Wiley, McLennan County Asst. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

A jury convicted Randy Lorine Carroll of driving while intoxicated. The court sentenced him to seventy days' confine-

ment in the county jail. Carroll perfected a *pro se* appeal.

We abated this cause on October 3, 2001 for a hearing to ensure that Carroll had knowingly and intelligently chosen to represent himself on appeal. *See Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581–82 (1975); *Collier v. State,* 959 S.W.2d 621, 625–26 & n. 8. (Tex.Crim.App.1997). Carroll failed to appear at a hearing scheduled by the trial court for October 26. In the meantime, Carroll advised us of a new address. We issued a supplemental abatement order on November 28 notifying the trial court of Carroll's new address. The trial court set a second abatement hearing for December 21 and sent notice to Carroll at the new address. Again, Carroll failed to appear.

We issued a third abatement order on January 23, 2002 directing the trial court to determine whether Carroll has abandoned his appeal. The trial court set this matter for hearing on February 14 and sent notice to Carroll at his last known address. Again, Carroll failed to appear. The trial court filed findings of fact and conclusions of law in which the court concluded, "Carroll has failed to act with appropriate diligence in pursuing his appeal, and ... although having been giving numerous opportunities to respond, has defaulted and therefore has abandoned his appeal."

The trial court and this Court have made every effort to protect Carroll's rights. He has chosen not to take advantage of the opportunities afforded him. Accordingly, further abatement of this cause would be futile. ·*See Wilson v. State,* 39 S.W.3d 390, 391 (Tex.App.-Waco 2001, no pet.) (per curiam). The trial court has determined that Carroll has abandoned his appeal. *See Ashcraft v. State,* 802 S.W.2d 905, 906 (Tex.App.-Fort Worth 1991, no

pet.); *Meza v. State,* 742 S.W.2d 708, 708 (Tex.App.-Corpus Christi 1987, no pet.) (per curiam). We have submitted this cause without briefs and have reviewed the record for fundamental error. *See* TEX. R.APP. P. 38.8(b)(4); *Lott v. State,* 874 S.W.2d 687, 688 (Tex.Crim.App.1994); *Wade v. State,* 31 S.W.3d 723, 725 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) (per curiam); *Ashcraft,* 802 S.W.2d at 906; *Meza,* 742 S.W.2d at 709.

Our review of the record discloses no "unassigned fundamental error." *See Lott,* 874 S.W.2d at 688. Accordingly, we affirm the judgment.