Opinion issued August 30, 2002













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01236-CR

____________


ZAHID ANWAR ALAM, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from County Court at Law No. 1

Brazos County, Texas

Trial Court Cause No. 1957-01






MEMORANDUM OPINION

 A jury found appellant guilty of evading arrest or detention using a vehicle. 
The court assessed punishment at 365 days in jail and a fine of $4,000.

 On May 9, 2002, we abated the appeal and remanded the case to the trial
court for a hearing because the reporter's record was past due, only the clerk's record
had been filed, and no attorney had entered an appearance in this Court on appellant's
behalf. The hearing was conducted on June 13, 2002. An attorney representing the
State, appellant's trial counsel (Jerry Gribble), and appellant's counsel on appeal
(Charles G. Kingsbury) were present. Appellant was not present.

 The pertinent findings of the trial court are summarized as follows:

 1) The defendant was found not to be indigent.


 2) At the hearing, Charles G. Kingsbury reiterated and
represented to the court that his client no longer wished to
pursue the appeal in this case, but rather desired to have his
sentence in the case at bar run concurrently with the prison
time he is currently doing and have that time credited toward
his sentence in the case at bar.


 3) Kingsbury represented to the court that he would obtain his
client's signature on a motion to dismiss the appeal.


 4) No money had been paid to, and no arrangements had been
made to pay, the court reporter to prepare the reporter's record
in this appeal.


 Among the trial court's recommendations was the following:


 If, after a reasonable time, the First Court of Appeals does not
receive the motion to dismiss the appeal bearing the defendant's
signature, then the Court of Appeals should decide the appeal
without briefs and on the basis of the clerk's record alone.


 On June 27, 2002, we reinstated the appeal, ordered that the appeal would
be considered without the reporter's record, and ordered appellant's brief due no later
than July 29, 2002. We further ordered that, unless the brief was filed on or before
that date, the appeal would be considered without briefs on the clerk's record alone. 
As of this date, no brief has been filed.

 We may consider an appeal without briefs if the trial court has found that
the appellant no longer desires to prosecute the appeal, or that the appellant is not
indigent, but has not made the necessary arrangements for filing a brief. See Tex. R.
App. P. 38.8(b)(4). Accordingly, we consider this appeal without briefs.

 There is nothing but the clerk's record presented for review. We have
reviewed the record for fundamental error and find none. See Ashcraft v. State, 802
S.W.2d 905, 906 (Tex. App.--Fort Worth 1991, no pet.); Meza v. State, 742 S.W.2d
708, 708-09 (Tex. App.--Corpus Christi 1987, no pet.).

 We affirm the judgment.

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.