Opinion issued February 19, 2004














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00808-CR
____________

JON RUSSELL SUTHERLAND, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 13,594



 
O P I N I O N
                Appellant, Jon Russell Sutherland, Jr., was convicted of criminal trespass
on July 30, 2003, and sentenced to confinement in the Washington County jail for one
year. According to the Washington County District Clerk’s office, appellant’s
counsel filed notice of appeal on that same date. The trial court’s certification states
that appellant has the right to appeal. 

               Neither the clerk’s record nor the reporter’s record was ever filed in this
Court. We note from the initial documents filed by the district clerk’s office that
appellant is not incarcerated and that his appellate counsel, Jeffrey Sasser, is retained. 
On October 30, 2003, we ordered that, unless by November 21, 2003, appellant filed:
(1) the clerk’s and reporter’s records, (2) proof of payment for the records, or (3) a
motion to abate the appeal for an indigency hearing, the appeal may be dismissed for
want of prosecution. On November 13, 2003, a Washington County Deputy District
Clerk submitted a motion for extension of time to file the clerk’s record, stating that
no payment had been made for the clerk’s record. Nothing further has been filed in
reference to this appeal.

               Involuntary dismissal of criminal appeals is addressed in Rule 42.4 of the
Rules of Appellate Procedure. According to the rule, an appellate court must dismiss
an appeal on the State’s motion, supported by affidavit, showing that the appellant
has escaped from custody pending the appeal and has not voluntarily returned to
lawful custody within 10 days after escaping. Tex. R. App. P. 42.4. The rule does not
authorize involuntary dismissal of an appeal in a criminal case in any other
circumstance.

               Faced with a situation similar to ours, the Amarillo Court of Appeals relied
upon Rule 2 of the Rules of Appellate Procedure to suspend the operation of Rule
42.4, and substituted Rule 42.3 (“Involuntary Dismissal in Civil Cases”) because it
permits involuntary dismissal for want of prosecution. Rodriguez v. State, 970
S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref’d); Tex. R. App. P. 2, 42.3. We
decline to suspend the operation of Rule 42.4 because the circumstances of this
appeal are addressed by Rule 37.3.

               Rule 37.3(b) provides: 

If the trial court clerk failed to file the clerk’s record because
the appellant failed to pay or make arrangements to pay the
clerk’s fee for preparing the clerk’s record, the appellate
court may—on a party’s motion or its own initiative—dismiss
the appeal for want of prosecution unless the appellant was
entitled to proceed without payment of costs. The court must
give the appellant a reasonable opportunity to cure before
dismissal.



Tex. R. App. P. 37.3(b). (Emphasis added.) This rule is not limited to either civil or
criminal appeals, and is therefore applicable to both.

               Generally, a criminal appeal may not be dismissed for want of prosecution,
although it may be considered without a reporter’s record and without briefs. A case
may be considered without a reporter’s record if an appellant who is not indigent fails
to pay for it. See Tex. R. App. P. 37.3(c). A criminal appeal may be considered
without briefs if the trial court has found that the appellant: (1) no longer desires to
prosecute the appeal, or (2) is not indigent, but has not made the necessary
arrangements for filing a brief. See Tex. R. App. P. 38.8(b)(4). It is notable that in
both instances, there is a clerk’s record that may be reviewed for error. See, e.g.,
Ashcraft v. State, 802 S.W.2d 905, 906 (Tex. App.—Fort Worth 1991, no pet.); Meza
v. State, 742 S.W.2d 708, 708-09 (Tex. App.—Corpus Christi 1987, no pet.).

               When no clerk’s record is filed, however, there is nothing to review even
for fundamental error. When a criminal appellant who is not indigent refuses to pay
even for the clerk’s record, particularly when he or she is free on bond, then it is not
too harsh to dismiss the appeal for want of prosecution. We do so in this case in
reliance on Rule 37.3(b).

               The appeal is dismissed for want of prosecution.

               The district clerk’s motion for extension of time is denied as moot.

 
 
                                                             Terry Jennings

                                                             Justice



Panel consists of Chief Justice Radack, and Justices Jennings and Higley.

Publish. Tex. R. App. P. 47.2(b).