Opinion issued April 29, 2004













In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00184-CR
 ____________

LATHANIEL JOSEPH DALCOUR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 925073



 
MEMORANDUM OPINION
               A jury convicted appellant of possession of more than four grams and less
than 400 grams of methamphetamine. Appellant reached an agreement with the State
for a sentence of five years’ confinement, which the trial court followed. Appellant
filed timely notice of appeal and posted an appeal bond. Only the clerk’s record has
been filed.

               On February 2, 2004, appellant’s retained counsel, Kennitra M. Foote, filed
a motion to withdraw as counsel because appellant failed to comply with the terms
of their employment agreement and failed to pay for the reporter’s record, leaving
counsel unable to prepare a proper brief. See McCoy v. Court of Appeals of
Wisconsin, Dist. 1, 486 U.S. 429, 437, 108 S. Ct. 1895, 1901 (1988). We granted the
motion on February 12, 2004.


 We further notified appellant in our February 12
order, as follows:

We notify appellant at his last known address, as provided in
counsel’s motion, that his brief is due in this Court no later than
March 5, 2004. Unless appellant retains counsel who files a brief
on or before that date, or unless by that date a motion for
extension of time to file the brief has been filed and granted, this
appeal will be set for submission and considered by the Court
without briefs on the clerk’s record alone.



               As of this date, we have received no response. Accordingly, we consider
the appeal without briefs.


 Only the clerk’s record is presented for review. We have
reviewed the record for fundamental error and find none. See Ashcraft v. State, 802
S.W.2d 905, 906 (Tex. App.—Fort Worth 1991, no pet.); Meza v. State, 742 S.W.2d
708, 708-09 (Tex. App.—Corpus Christi 1987, no pet.).

               However, we do find error in the trial court’s judgment. The judgment
states that appellant entered a plea of guilty. The court’s charge to the jury, however,
reflects that appellant entered a plea of not guilty, but was found guilty by the jury. 
We may correct and modify the judgment of a trial court to make the record speak the
truth when we have the necessary data and information to do so, or to make any
appropriate order as the law and nature of the case may require. See Campbell v.
State, 900 S.W.2d 763, 773 (Tex. App.—Waco 1995, no pet.); Tex. R. App. P.
43.2(b), 43.6. Accordingly, we modify the trial court’s judgment to read that
appellant entered a plea of not guilty.

               We affirm the judgment, as modified.

PER CURIAM

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).