In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01228-CR
____________

JOHN LEE KNIGHT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 1160337



 
CORRECTED MEMORANDUM OPINION
               We issued an opinion affirming appellant’s conviction on August 19, 2004. 
It has come to the Court’s attention that appellant filed a pro se emergency motion to
stay appeal and permission to file a late brief on August 17, 2004, two days before the
opinion issued. We therefore withdraw our opinion and judgment of August 19,
2004, and issue the following corrected opinion in its place.

               A jury found appellant guilty of possession of marihuana weighing two
ounces or less. The court assessed punishment at 180 days in jail and a fine of $300. 
The court suspended the jail sentence and placed appellant on community supervision
for nine months. Appellant filed a timely notice of appeal.

               The clerk’s record was timely filed in this Court. On February 5, 2004, we
abated the appeal and remanded the case to the trial court for an indigency hearing
because the reporter’s record, which was due on January 7, 2004, had not been filed. 
The hearing was conducted on February 18, 2004, and a supplemental reporter’s
record was filed in this Court. Appellant and his retained trial counsel, Lance Hamm,
were present. The reporter’s record reads, in pertinent part, as follows:

THE COURT: . . . This is Cause No. 1160337, State of Texas
versus John Lee Knight. And this is an abatement hearing. The
defendant is present with his attorney, Lance Hamm. And the
Court of Appeals, First District Court, has sent notice to this court
asking the court to make certain inquiries on whether or not
you’re prepared to go forward with the appeal in your case, Mr.
Knight. So I have discussed the matter with your attorney. But
for purposes of the record, do you want to go forward with your
appeal?

 
[APPELLANT]: Yes, ma’am.

 
THE COURT: Okay. Very good. And it’s my understanding
that you are hiring Mr. Hamm to represent you —

 
[APPELLANT]: Yes, ma’am.

 
THE COURT: — on the appeal. You’re not indigent?

 
[APPELLANT]: No, ma’am.

 
THE COURT: You’re able to hire him and go forward with the
matter. Very good. And also the Court is asking to inquire on
whether or not you’ve made arrangements with the court reporter
to obtain the transcript regarding the trial?

 
[APPELLANT]: Not —I don’t even have the name, but I need to
get that information today.

 
THE COURT: We can give that to you today. So you’ve not yet
been given an estimate.

 
[APPELLANT]: No, ma’am.

 
THE COURT: We’ll give you that information today. So you’re
telling the court that you are going to make arrangements to pay
the court reporter so we can get the appeal going?

 
[APPELLANT]: Yes, ma’am.

 
THE COURT: Okay. I think that’s all we need to inquire into. 
Hold on one second. The only thing that the Court is now asking
is the name, address, and telephone number of the attorney that’s
going to be handling the appeal. So, Mr. Hamm, we’ll let you
state that into the record.



               On March 4, 2004, we ordered the appeal reinstated and the reporter’s
record due on April 3, 2004. Our order further notified appellant that if he failed to
pay the court reporter’s fee, the appeal would be considered without a reporter’s
record in accordance with Rule 37.3(c) of the Rules of Appellate Procedure. See Tex.
R. App. P. 37.3(c).

               On April 7, 2004, the court reporter notified this Court that appellant had
not paid or made arrangements to pay for the reporter’s record. When the reporter’s
record had not been filed by April 29, 2004, on that date we ordered that the appeal
would be considered without a reporter’s record. We further ordered appellant’s brief
due from Lance Hamm on May 29, 2004.

               Hamm filed a motion to withdraw as counsel for nonpayment of attorney’s
fees on May 28, 2004. We granted the motion by written order on June 10, 2004. We
mailed a copy of that order to appellant at his home address. The order notified
appellant that, unless an attorney in good standing with the State Bar of Texas filed
a notice stating that he represented appellant no later than June 30, 2004, the appeal
would be considered and decided on the clerk’s record alone. Appellant’s copy of the
order was not returned by the postal service. We received no response to the order.

               On July 22, 2004, we notified the parties that the case was set for
submission on August 18, 2004, in accordance with the Rules of Appellate Procedure. 
See Tex. R. App. P. 39.9. Appellant filed his pro se emergency motion to stay appeal
and permission to file a late brief on August 17, 2004. According to the motion,
appellant still had not paid the court reporter for the record or retained counsel to
prosecute the appeal. The reporter’s record was originally due on January 7, 2004,
almost eight months ago. Appellant has never claimed that he was indigent. The
emergency motion is denied.

               We may consider an appeal without briefs if an appellant who is not
indigent does not make the necessary arrangements for filing a brief. Scheidt v. State,
101 S.W.3d 798, 798-99 (Tex. App.—Amarillo 2003, no pet.); Tex. R. App. P.
38.8(b)(4). Accordingly, we consider this appeal without briefs.

               There is nothing but the clerk’s record presented for review. We have
reviewed the record for fundamental error and find none. See Ashcraft v. State, 802
S.W.2d 905, 906 (Tex. App.—Fort Worth 1991, no pet.); Meza v. State, 742 S.W.2d
708, 708-09 (Tex. App.—Corpus Christi 1987, no pet.).

               We affirm the judgment.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Bland.

Do not publish. Tex. R. App. P. 47.2(b).