IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00231-CV

 

David Park,

                                                                      Appellant

 v.

 

Montgomery County, Texas ,

                                                                      Appellee

 

 

 



From the 9th District Court

Montgomery County, Texas

Trial Court No. 02-10-07222 CV

 



SPECIAL NOTE










 

          At some point the Supreme Court or the
Court of Criminal Appeals will have to decide whether opinions and judgments
voted on by only two justices on this Court are proper.  See Krumnow v.
Krumnow, No. 10-04-00143-CV, 2005 Tex. App. LEXIS 7027, __ S.W.3d __ (Tex. App.—Waco August 24, 2005, no pet. h.) (Special note by Chief Justice Gray issued
August 31, 2005).

          This is an important case to which I
have been unable to devote the time and attention I believe it deserves before
I can vote.  Thus, by rushing its release, the majority deprives me of the
opportunity to spend the time I believe is necessary to review and vote on the
result of the case.  They deprive me of the very opportunity they have on every
one of the opinions that I draft for their review.  They have all the time they
need, not because I give it, though I would do so freely.  They have the time
because it is the appropriate deferral to their discretion as a justice on this
Court.  I also believe the full review by three judges is necessary for the
proper functioning of our appellate court system.

          By the procedure they have chosen to
use, they also deprive the litigants of the considered vote of all members of
the panel to which this case has been assigned.  I think the litigants are
entitled to have all the members of the panel to which the case is assigned
consider and vote on the result of the appeal.  Indeed, by issuing the opinion
in this manner, the majority may be suppressing a dissenting opinion, the
issuance of which would then give the Texas Supreme Court jurisdiction to
review the majority’s opinion.  Tex.
Gov’t Code Ann. § 22.001(a)(1) (Vernon 2004); see also Tex. R. App. P. 56.1(a)(1).

          The release of the opinion in this
case should await the time with patience until I have had the time to review
it, and my vote returned.  Accordingly, at this time I can neither vote to
affirm nor vote to reverse the judgment of the trial court.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Special
Note delivered and filed October 19, 2005

Publish






amily:"CG Times"'>TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00268-CR

 

DANIEL CLARK,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court # 26874CR

 



MEMORANDUM Opinion



 

          A
jury convicted Appellant Daniel Clark of murder, and the trial court sentenced
him to life in prison.  After being fully
admonished, Clark represented himself in the trial court, and he
continues his pro se representation in this appeal.

          Clark’s brief was originally due on October 13, 2003, and he was granted an extension until December
 10, 2003.  When Clark’s brief was not filed, we abated this appeal for a hearing in the
trial court for a determination of why Clark had failed to file his brief and whether prison officials were
denying Clark reasonable access to the appellate record.

          After
the trial court hearing, we entered an order on September 15, 2004 giving Clark sixty days to file his brief and notifying him that if he failed
to timely file his brief, we would decide his appeal without briefs, reviewing
the record only for fundamental error.

          Clark has not filed his brief.  We
and the trial court have made every effort to protect Clark’s rights.  See Carroll v. State, 75 S.W.3d 633, 634
(Tex. App.—Waco 2002, no pet.).  We will thus submit this appeal without
briefs and review the record for fundamental error.  See
Tex. R. App. P. 38.8(b)(4); Lott v. State, 874 S.W.2d 687, 687-88 (Tex. Crim. App. 1994­); Carroll, 75 S.W.3d at 634.

          Our
review of the record discloses no unassigned fundamental error.  Accordingly, we affirm the trial court’s
judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed April 20, 2005

Do Not Publish

[CRPM]