Opinion issued May 24, 2007



 












 



In the

Court of Appeals

For The

First District of Texas

____________


NO. 01-05-00508-CR

____________


KEITH GARRETT KERR, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause No. 868072







 MEMORANDUM OPINION 

 Appellant, Keith Garrett Kerr, pleaded true to the State's motion to adjudicate
guilt. Contemporaneously with the plea, appellant, appellant's counsel, and the State

signed a stipulation of evidence that included a judicial confession, waiver of
constitutional rights, and the following statements: 

 I am the same Keith Garrett Kerr who on May 2, 2001, in
Harris County, Texas entered a plea of guilty to the felony
offense of aggravated assault with a deadly weapon in the
248th District Court of Harris County, Texas, and the Court,
after hearing evidence introduced thereon, and finding that
it substantiated my guilt, deferred entering an adjudication
of guilt and granted me adult community supervision for a
period of four years . . . I understand the allegations
against me in the State's motion and judicially confess that
it is true and that I violated the terms and conditions of my
community supervision as stated in the attached State's
motion.

 I understand that the possible range of punishment is not
less than two years and not more than 20 years confinement
. . . and a possible fine of not more than $10, 000 . . .

 I further waive my right to have this proceeding recorded by
a court reporter or by any other means. 

 After the hearing, the trial court found that appellant had violated the conditions
of his community supervision, adjudicated his guilt, and sentenced him to confinement
for four years and six months.

 Appellant then filed a pro se notice of appeal. However, because no brief had
been filed, we remanded this appeal to the trial court to determine whether appellant
wished to prosecute his appeal. Although the trial court scheduled a hearing on our
order of abatement, appellant did not appear at the November 21, 2006 hearing. The
record of the proceedings has been filed in this Court, and the trial court made the
following written findings of fact:

 (1) The defendant Keith Kerr has been released from custody.

 (2) The Court sent notice of the hearing to defendant's last known
address. The defendant did not respond or appear.

 (3) Accordingly, the Court finds the defendant no longer wishes to
pursue this appeal.

 We may consider an appeal without briefs if a trial court finds that an appellant
no longer desires to prosecute his appeal. See Tex. R. App. P. 38.8(b)(4). Accordingly,
we consider this appeal without briefs. Here, there is nothing but the clerk's record
presented for review. We have reviewed the record for fundamental error and have
found none. See Carroll v. State, 75 S.W.3d 633, 634 (Tex. App.--Waco 2002, no
pet.); Ashcraft v. State, 802 S.W.2d 905, 906 (Tex. App.--Fort Worth 1991, no pet.);
Meza v. State, 742 S.W.2d 708, 708-09 (Tex. App.--Corpus Christi 1987, no pet.).

 Accordingly, we affirm the judgment of the trial court.

 PER CURIAM

Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2.(b).