Opinion issued November 1, 2007
 
 



                                          





 


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-01155-CR
____________

SAMUEL GONZALEZ, IV, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 13 
Harris County, Texas
Trial Court Cause No. 1317661



 
MEMORANDUM OPINION
          On December 13, 2005, appellant was convicted by a jury of the misdemeanor
offense of driving while intoxicated, and was sentenced to confinement in jail for 30
days. Appellant filed notice of appeal on December 13, 2007. Appellant was
released on an appeal bond. 

          The clerk’s record was filed on April 6, 2006. Subsequently, we notified
appellant that no reporter’s record had been filed. We received no response.

          We abated the appeal for a hearing to determine if appellant was indigent and
entitled to a reporter’s record without cost. The trial court held a hearing at which
counsel Lennard Kemp Whittaker appeared. Counsel Whittaker stated that he would
make arrangements for the reporter to be paid for the record. Appellant did not
appear at the hearing. We reinstated the appeal. 

           Court reporter Bridwell notified this Court on April 2, 2007 that the reporter’s
record had not been paid for and that arrangements to pay for the record had not been
made. We issued a second order to abate the appeal and remanded the case to the
trial court for a hearing to determine if appellant desired to continue his appeal or if
appellant had abandoned his appeal.

          The case was set for a hearing in the trial court on June 22, 2007, and the 
record of those proceedings has been filed in this Court. Appellant and his counsel
did not appear. We order the appeal reinstated.

          The trial judge conducted the hearing and made the following findings:

 
                    “On June 22, 2007, this court conducted hearing to
determine the status of the appeal in this matter. The State
of Texas was represented by an assistant district attorney
of Harris County, Texas. Neither appellant nor his counsel,
Mr. Whittaker appeared.

 

1. The court coordinator of this court notified appellant
via mail sent to his last known address, and to a
second address provided by appellant’s bail
bondsman.

 
2. The bail bond company also attempted to contact the
appellant.

 
3. On June 15, 2007, the court coordinator spoke with
attorney Whittaker and informed him of the time,
place, and date of this hearing.

 
4. Attorney Whittaker informed the court coordinator
that he would make every effort to contact the
appellant.

 
5. The trial court forfeited appellant’s appeal bond and
issued a warrant for his arrest.

 

The trial court concludes as a matter of law that appellant
has abandoned his appeal. The trial court recommends the
Court of Appeals dismiss this appeal and issue a mandate of
affirmance.”

 

          According to the Rules of Appellate Procedure, we may consider an appeal
without briefs if the trial court has found that the appellant no longer desires to
prosecute the appeal. See Tex. R. App. P. 38.8(b)(4). The trial court did not make
such a finding in this case but did make a finding that appellant has abandoned his
appeal. We find that because appellant has done nothing to prosecute the appeal and
has not kept this Court or the trial court informed of his whereabouts, appellant no
longer desires to prosecute the appeal. We further find that good cause exists to
suspend the requirement of Rule 38.8(b)(4) that the finding be made by the trial court. 
See Tex. R. App. P. 2. Accordingly, we consider this appeal without briefs.

          There is nothing but the clerk’s record presented for review. We have reviewed
the record for fundamental error and find none. See Carroll v. State, 75 S.W.3d 633,
634 (Tex. App.—Waco 2002, no pet.); Ashcraft v. State, 802 S.W.2d 905, 906 (Tex.
App.—Fort Worth 1991, no pet.); Meza v. State, 742 S.W.2d 708, 708-09 (Tex.
App.—Corpus Christi 1987, no pet.).

          We affirm the judgment.

PER CURIAM

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2.(b).