NO. 07-08-0174-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 28, 2009

_____

JAY GID BRYAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14776-0301; HON. ED SELF, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Jay Gid Bryan filed a notice of appeal from the trial court's judgment adjudicating

him guilty of endangering a child,[1] revoking his community supervision and sentencing him

to two years' confinement in the State Jail Division of the Texas Department of Criminal

---

[1] *See* Tex. Penal Code Ann. § 22.041(c) (Vernon 2007).  This offense is a state jail felony, punishable by confinement in a state jail for any term of not more than two years or less than 180 days and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.35 (Vernon 2007).

Justice. We have considered the appeal without briefs and affirm the judgment of the trial court.

Appellant's brief was due to be filed on June 20, 2008, but was never filed. By letter dated July 3, this Court notified appellant's retained attorney of the failure and also explained that if no response was received by July 14, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. On July 8, we received a document wherein counsel explained he was never retained or appointed to represent appellant on appeal. On August 19, we abated this appeal to the trial court and ordered the trial court to utilize whatever means necessary to determine: (1) whether appellant truly desires to prosecute the appeal; and (2) whether appellant is indigent and entitled to appointed counsel. *See Bryan v. State,* No. 07-08-0174-CR, 2008 WL 3863473 (Tex.App.–Amarillo Aug. 19, 2008) (order, not designated for publication).

The trial court conducted a hearing on September 5, 2008, and issued the following findings: (1) a representative of appellant's bondsman appeared, asking that a warrant be issued for appellant because he had failed to comply with the conditions of his contract; appellant's bond was reset and a warrant was issued for appellant's arrest; (2) appellant's case was first called at 1:00 p.m. and appellant failed to appear; (3) appellant's case was called again at 1:04 p.m. and 2:10 p.m. and each time, no one responded; (4) appellant is a fugitive; (5) the trial court is unable to determine if appellant truly desires to prosecute the appeal; and (6) the trial court is unable to determine if appellant is indigent.

On September 29, we again abated the appeal pending further order of the Court in an attempt to afford appellant the opportunity to pursue his appeal. *See Bryan v. State,* No. 07-08-0174-CR, ____ WL ____ (Tex.App.–Amarillo Sept. 29, 2008) (order, not designated for publication). On December 8, we were notified that the warrant for appellant's arrest remained outstanding. On December 11, we reinstated the appeal. On that same date, we reviewed both the reporter's and clerk's records and found references to appellant's connection with six separate addresses. We sent notice to appellant at each of those addresses in an attempt to determine his intent in this appeal. To date, we have not received appellant's brief or any communication from appellant. Our attempts to communicate with appellant have been unsuccessful. The trial court and this Court have made every effort to protect appellant's rights. We find further abatement of the appeal would be futile. *Carroll v. State,* 75 S.W.3d 633, 634 (Tex.App.–Waco 2002, no pet.).

We also find that because appellant has done nothing to prosecute the appeal and has not kept this Court or the trial court informed of his whereabouts, appellant no longer desires to prosecute this appeal. We further find that good cause exists to suspend the requirement of Rule 38.8(b)(4) that the finding be made by the trial court. *See* Tex. R. App. P. 2. *See also Gonzalez v. State,* No. 01-05-01155-CR, 2007 WL 3227686, (Tex.App.–Houston [1ˢᵗ Dist.] Nov. 1, 2007, no. pet.) (mem. op., not designated for publication). Accordingly, we have submitted this cause without briefs and have reviewed the record for fundamental error. *Carroll,* 75 S.W.3d at 634, *citing Lott v. State,* 874 S.W.2d 687, 688 (Tex.Crim.App. 1994).

Our review of the record discloses no "unassigned fundamental error." *See Carroll,* 75 S.W.3d at 634; *Ashcraft v. State,* 802 S.W.2d 905, 906 (Tex.App.–Fort Worth 1991, no pet); *Meza v. State,* 742 S.W.2d 708, 708-09 (Tex.App.–Corpus Christi 1987, no pet.). *See also Gonzalez,* No. 01-05-01155-CR, 2007 WL 3227686. The record here comprises the clerk's record and the reporter's record of the hearing on the State's motion to proceed to adjudication of guilt.

We review the trial court's judgment revoking community supervision under an abuse of discretion standard, *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006), and indulge all reasonable inferences in a light favorable to the trial court's ruling, *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App. 1979) (panel op.). Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of supervision is sufficient to support a revocation order. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. 1980) (panel op.); *Leach v. State,* 170 S.W.3d 669, 672 (Tex.App.–Fort Worth 2005, pet. ref'd). At the January 2008 hearing on the State's motion to proceed to adjudication, the court heard evidence from appellant's community supervision officer of appellant's failure to report as required for the months of February through November 2007. We find no fundamental error here, and affirm the judgment.

James T. Campbell
Justice

Do not publish.

4