NO. 07-08-0174-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 28, 2009

______________________________


JAY GID BRYAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14776-0301; HON. ED SELF, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Jay Gid Bryan filed a notice of appeal from the trial court’s judgment adjudicating
him guilty of endangering a child,


 revoking his community supervision and sentencing him
to two years’ confinement in the State Jail Division of the Texas Department of Criminal
Justice. We have considered the appeal without briefs and affirm the judgment of the trial
court.
          Appellant’s brief was due to be filed on June 20, 2008, but was never filed. By letter
dated July 3, this Court notified appellant’s retained attorney of the failure and also
explained that if no response was received by July 14, the appeal would be abated
pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. On July 8, we
received a document wherein counsel explained he was never retained or appointed to
represent appellant on appeal. On August 19, we abated this appeal to the trial court and
ordered the trial court to utilize whatever means necessary to determine: (1) whether
appellant truly desires to prosecute the appeal; and (2) whether appellant is indigent and
entitled to appointed counsel. See Bryan v. State, No. 07-08-0174-CR, 2008 WL 3863473
(Tex.App.–Amarillo Aug. 19, 2008) (order, not designated for publication).
          The trial court conducted a hearing on September 5, 2008, and issued the following
findings: (1) a representative of appellant’s bondsman appeared, asking that a warrant be
issued for appellant because he had failed to comply with the conditions of his contract;
appellant’s bond was reset and a warrant was issued for appellant’s arrest; (2) appellant’s 
case was first called at 1:00 p.m. and appellant failed to appear; (3) appellant’s case was
called again at 1:04 p.m. and 2:10 p.m. and each time, no one responded; (4) appellant
is a fugitive; (5) the trial court is unable to determine if appellant truly desires to prosecute
the appeal; and (6) the trial court is unable to determine if appellant is indigent.
 
          On September 29, we again abated the appeal pending further order of the Court
in an attempt to afford appellant the opportunity to pursue his appeal. See Bryan v. State,
No. 07-08-0174-CR, ____ WL ____ (Tex.App.–Amarillo Sept. 29, 2008) (order, not
designated for publication). On December 8, we were notified that the warrant for
appellant’s arrest remained outstanding. On December 11, we reinstated the appeal. On
that same date, we reviewed both the reporter’s and clerk’s records and found references
to appellant’s connection with six separate addresses. We sent notice to appellant at each
of those addresses in an attempt to determine his intent in this appeal. To date, we have
not received appellant’s brief or any communication from appellant. Our attempts to
communicate with appellant have been unsuccessful. The trial court and this Court have
made every effort to protect appellant’s rights. We find further abatement of the appeal
would be futile. Carroll v. State, 75 S.W.3d 633, 634 (Tex.App.–Waco 2002, no pet.).
          We also find that because appellant has done nothing to prosecute the appeal and
has not kept this Court or the trial court informed of his whereabouts, appellant no longer
desires to prosecute this appeal. We further find that good cause exists to suspend the
requirement of Rule 38.8(b)(4) that the finding be made by the trial court. See Tex. R. App.
P. 2. See also Gonzalez v. State, No. 01-05-01155-CR, 2007 WL 3227686,
(Tex.App.–Houston [1st Dist.] Nov. 1, 2007, no. pet.) (mem. op., not designated for
publication). Accordingly, we have submitted this cause without briefs and have reviewed
the record for fundamental error. Carroll, 75 S.W.3d at 634, citing Lott v. State, 874
S.W.2d 687, 688 (Tex.Crim.App. 1994). 
 
          Our review of the record discloses no “unassigned fundamental error.” See
Carroll, 75 S.W.3d at 634; Ashcraft v. State, 802 S.W.2d 905, 906 (Tex.App.–Fort Worth
1991, no pet); Meza v. State, 742 S.W.2d 708, 708-09 (Tex.App.–Corpus Christi 1987, no
pet.). See also Gonzalez, No. 01-05-01155-CR, 2007 WL 3227686. The record here
comprises the clerk’s record and the reporter’s record of the hearing on the State’s motion
to proceed to adjudication of guilt.
            We review the trial court’s judgment revoking community supervision under an
abuse of discretion standard, Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006),
and indulge all reasonable inferences in a light favorable to the trial court’s ruling, Jones
v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979) (panel op.). Proof by a
preponderance of the evidence of any one of the alleged violations of the conditions of
supervision is sufficient to support a revocation order. Moore v. State, 605 S.W.2d 924,
926 (Tex.Crim.App. 1980) (panel op.); Leach v. State, 170 S.W.3d 669, 672
(Tex.App.–Fort Worth 2005, pet. ref’d). At the January 2008 hearing on the State’s motion
to proceed to adjudication, the court heard evidence from appellant’s community
supervision officer of appellant’s failure to report as required for the months of February
through November 2007. We find no fundamental error here, and affirm the judgment.


James T. Campbell

Justice



 

Do not publish.