Opinion issued July 16, 2009








 







In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00302-CR

____________


EDGAR VERNELL QUILLER, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 506th Judicial District Court (1)

Waller County, Texas

Trial Court Cause No. 060312131






MEMORANDUM OPINION

 Appellant, Edgar Quiller, was convicted by a jury of the state jail felony
offense of possession of a controlled substance namely cocaine, in an amount of less
than one gram. Punishment was assessed at confinement in the state jail for two years
probated for two years and assessed a fine of $800. Appellant filed a pro se notice
of appeal. 

 On July 24, 2007, the Clerk of this Court notified appellant that the complete
record had been filed and that his brief was due in 30 days. Appellant's brief was due
on August 24, 2007. Because the brief was not filed, the Clerk of this Court sent a
past due brief notice to appellant. Appellant did not file a response, nor did he file a
brief.

 We abated the appeal and remanded the case to the trial court for a hearing. 
Our order directed the trial court to determine whether appellant desired to pursue his
appeal and, if so, whether he was indigent. The order of abatement stated in part:

 On October 1, 2007, the Clerk of this Court notified appellant that his
brief was past due. On October 1, 2007, we received a document from
the appellant stating that he has financial problems because he is
disabled and cannot work. Attached to his document is a letter from Dr.
Helen M. Schilling. We construe appellant's document as a motion for
extension of time to file his brief and a request for an indigency hearing. 
The motion is granted. A copy of appellant's motion is attached to this
order.

 

 We may not dismiss an appeal in a criminal case for want of
prosecution. Compare Tex. R. App. P. 42.3 with Tex. R. App. P. 42.4. 
Nor may we consider an appeal without briefs unless the trial court has
found either: (1) that an appellant does not desire to pursue the appeal,
or (2) that a non-indigent appellant has not made the necessary
arrangements for filing a brief. See Tex. R. App. P. 38.8(b)(4).


 We must therefore abate the appeal and remove it from this Court's
active docket. We remand the case to the trial court to conduct a
hearing at which appellant shall be present. We direct the trial court to
make appropriate findings on these issues: 


 (1) whether appellant wishes to prosecute the
appeal;

 

 (2) whether appellant is indigent and entitled
to appointed counsel at no expense to himself;
and 

 (3) if not indigent, whether appellant has
made the necessary arrangements for filing a
brief, i.e., whether appellant has paid counsel
to file a brief and, if so, the name, address,
and telephone number of retained counsel. 
See Tex. R. App. P. 38.8(b)(4).

 The trial court shall have a court reporter, or court recorder, record the
hearing. The trial court's findings and recommendations shall be sent to
this Court no later than 60 days from the date of this order. If the
hearing is conducted by video teleconference, the trial court's findings
and recommendations and a certified videotape or compact disk of the
hearing shall be filed in this Court no later than 60 days from the date of
this order. 

 The appeal is abated, treated as a closed case, and removed from this
Court's active docket. The appeal will be reinstated on this Court's
active docket when the trial court's findings and recommendations are
filed in this Court. The Court will also consider an appropriate motion
to reinstate the appeal filed by either party.


 The trial court scheduled a hearing on our order of abatement. The record of
that hearing has been filed with the Clerk of this Court. Appellant did not appear at
the abatement hearing. The reporter's record reflects that the trial court proceeded
with the hearing and made the following findings:

 On November 5, 2007, I issued a notice of setting to the Honorable
Elton Matthis with notice to Mr. Edgar Vernell Quiller. That notice was
sent certified mail and a return receipt requested. It was sent to both Mr.
Quiller's physical address and to his Post Office Box address; and that
letter was returned as unclaimed, and that letter is in the file and it is
clearly marked that Mr. Edgar Vernell Quiller, 1031 First Street, Post
Office Box 114 of Hempstead, Texas 77445, and it is marked "unclaimed." And
further checking with the Waller County Appraisal District to determine addresses,
the Quiller residence is still located at 1031 First Street, Hempstead, Texas 77445, of
which the Court takes judicial notice . . .Then I do find that Appellant Quiller was
duly notified of this hearing and letter attempts have been made to contact Mr. Quiller
and he is known to be in this community, and I do find that Appellant Edgar Vernell
Quiller has abandoned his appeal in this cause of action; and with the abandonment,
no further action will be taken.

 A supplemental clerk's record was filed on January 24, 2008 that contains the
trial court's written findings and recommendations which state in part:

 On November 5, 2007, the trial court issued its notice of setting to
appellant and the State's attorney, certified mail, return receipt
requested; the notices being sent to appellant at both his physical
address and his mailing address.


 Notices to appellant were returned as unclaimed, and that returned letter
is now a part of the clerk's file.


 Judicial notice was taken that the records of the Waller County
Appraisal District indicate the home address of appellant to be 1031
First Street, Hempstead, Texas 77445, the same address provided by
appellant in his notice of appeal.


 Based on the foregoing, the trial court further finds that appellant Edgar
Vernell Quiller has abandoned his appeal in this cause of action, and
with that abandonment no further findings of the trial court are required.

 

 The trial court recommends that the Court of Appeals for the Fist
District of Texas dismiss the appeals and affirm the prior judgment of
the trial court.


 After receiving the trial court's findings, we reinstated the appeal and notified
the parties that the trial court had made a finding that appellant that has abandoned
his appeal. (2) The reinstatement order also notified appellant, Edgar Vernell Quiller,
that unless his brief was filed on or before February 21, 2008, his appeal would be set
for submission without briefs. See Tex. R. App. P. 38.8(b)(4). On April 24, 2008,
because no brief had been filed on or before February 21, 2008, the Clerk of this
Court sent a past-due brief notice to the respondent that requested a response by May
5, 2008. No response was received.

 As of the date of this opinion, no brief has been filed in this Court. According
to the Rules of Appellate Procedure, we may consider an appeal without briefs if the
trial court has found that the appellant no longer desires to prosecute the appeal. See
Tex. R. App. P. 38.8(b)(4). Accordingly, we consider this appeal without briefs.

 We have reviewed the record for fundamental error and find none. See Carroll
v. State, 75 S.W.3d 633, 634 (Tex. App.--Waco 2002, no pet.); Ashcraft v. State, 802
S.W.2d 905, 906 (Tex. App.--Fort Worth 1991, no pet.); Meza v. State, 742 S.W.2d
708, 708-09 (Tex. App.--Corpus Christi 1987, no pet.).

 We affirm the judgment of the trial court.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).

1. During the pendency of this appeal all proceedings in the 9th Judicial
District Court, the original trial court, were transferred to the 506th
Judicial District Court of Waller County. 
2. Appellant was represented by retained counsel at trial.