Opinion issued August 6, 2009











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00413-CR
____________

ANN MARIE TREVINO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 240th District Court 
Fort Bend County, Texas
Trial Court Cause No. 41208



 
MEMORANDUM OPINION
          Appellant, Ann Marie Trevino, pleaded guilty to the state jail felony offense
of debit card abuse without an agreement as to punishment with the State. The trial
judge assessed punishment at confinement for 18 months. Appellant filed a pro se
notice of appeal. 

          We abated this appeal and remanded the case to the trial court for a hearing
because no brief had been filed and because appellant’s court appointed counsel
notified the Clerk of this Court that he had not been able to make contact with
appellant to determine if she wanted to proceed with the appeal. In response to our
order of abatement, the trial court scheduled a hearing, and issued notice and service
for appellant, Ann Marie Trevino to appear at the hearing. Appellant did not appear
at the hearing. We order the appeal reinstated. 

          On March 16, 2009, the trial court filed findings of fact and conclusions of law
with the Clerk of this Court. The following findings were made by the trial court:

1) On April 5, 2005, appellant, Ann Marie Trevino, was convicted
of the offense of debit card abuse and was sentenced to eighteen
months in state jail wit credit for ninety-seven days. On April 12,
2005, Appellant filed a notice of appeal, but as of this date has
not filed an appellate brief.

 
2) There have been numerous attempts to contact appellant to
determine whether or not she wishes to pursue her appeal, but to
no avail. Specifically:

 
A) Appellant’s attorney, Stephen Doggett, who was appointed
to her case as appellate counsel on August 31, 2005, sent
a letter to appellant at her last known address but it was
returned.

B) Mr. Doggett then ran a computer search to determine if
appellant’s last known address was , in fact her address. 
The search returned three possible addresses all of which
Mr. Doggett visited personally.

C) On November 6, 2006, Mr. Doggett made contact with
appellant’s sister at 1600 Maiden Lane, Richmond, Texas,
one of the addresses that turned up in his computer search,
and left his card for appellant to contact him.

D) On December 1, 2006, Mr. Doggett again traveled to 1600
Maiden Lane, Richmond, Texas, and visited with
appellant’s mother. Mr. Doggett again left his card for
appellant to contact him.

                    E)      On February 18, 2009, Mr. Doggett again traveled to 1600
Maiden Lane, Richmond, Texas, and spoke with
appellant’s stepfather, David Provost. Mr. Doggett again
explained why he needed to speak to appellant and asked
that she contact him. Mr. Trevino said he would relay the
message to appellant, but Mr. Doggett has not received any
response.

F) On December 8, 2006, Deputy Robert Brown of the Fort
Bend County, Precinct One Constable’s Office attempted
to personally serve appellant but was unable to locate her. 
The officer’s return indicates that appellant had not been
seen at her address at 1600 Maiden Lane, Richmond, Texas
for one month.

G) On February 9, 2009, a summons was issued for appellant
to appear to inform the Court whether or not she wished to
pursue her appeal. Pursuant to the Court of Appeals’
Order, this notice was sent certified mail, return receipt
requested.

H) On March 6, 2009, a show cause order was issued and
attempts were again made to locate appellant. Chief Deputy
Rand Dhuly of the Fort Bend County Precinct One
Constables Office reported to the Court, through the
District Attorney’s Office, that he had attempted to
personally serve appellant, but no one answered the door
at 1600 maiden Lane, Richmond, Texas. Chef Deputy
Dhuly went next door and spoke to neighbors who
indicated they did not know Ann Marie Trevino.

          The record reflects that appellant Trevino was released from custody in June
of 2005. The record also reflects that the trial court found that (1) reasonable
attempts have been made to locate appellant to notify her of the proceedings in this
case and to determine whether she wishes to pursue her appeal, and (2) because
appellant has not replied to any of the repeated attempts to contact her regarding her
appeal, this court hereby determines and concludes that appellant has abandoned her
appeal.

           According to the Rules of Appellate Procedure, we may consider an appeal
without briefs if the trial court has found that the appellant no longer desires to
prosecute the appeal. See Tex. R. App. P. 38.8(b)(4). After reviewing the abatement
hearing records, we find that appellant has done nothing to prosecute this appeal, that
she has not kept this Court, the trial court, or her attorney informed of her
whereabouts, and that she has abandoned her appeal and no longer desires to
prosecute this appeal. Accordingly, we will consider the appeal without briefs.

           There is nothing but the clerk’s record presented for review. We have
reviewed the record for fundamental error and find none. See Carroll v. State, 75
S.W.3d 633, 634 (Tex. App.—Waco 2002, no pet.); Ashcraft v. State, 802 S.W.2d
905, 906 (Tex. App.—Fort Worth 1991, no pet.); Meza v. State, 742 S.W.2d 708,
708-09 (Tex. App.—Corpus Christi 1987, no pet.).

          We affirm the judgment of the trial court.

          We deny as moot any pending motions.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Sharp and Taft.




Do not publish. Tex. R. App. P. 47.2(b)