Opinion issued August 12, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00034-CR

———————————

Lauren Olivia CompIan, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law No. 13

Harris County, Texas



Trial Court Case No. 1403070

 



 

MEMORANDUM OPINION

Appellant, Laura
Olivia Compian was convicted by a jury of the Class A offense of violation of
the City of Houston ordinance regulating a sexually oriented enterprise. The
trial court assessed punishment of confinement in jail for six days and a fine
of $750.00.  The clerk=s record was filed on January 17,
2008.  On February 5, 2008, the Clerk of
this Court gave notice to the parties that the reporter=s record had not been timely filed.  The reporter=s record was filed on February 13,
2008, and the appellant was notified that her brief was due on March 17,
2008.  On April 17, 2008, the Clerk of
this Court notified the parties that 
appellant=s brief was past due. 

Because  appellant=s counsel did not file a brief or a
motion for extension of time to file appellant=s brief, we abated the appeal, and
ordered the case remanded the trial court for a hearing to determine if
appellant desired to pursue her appeal.  

The trial court set a hearing on our
order of abatement for March 31, 2009.  
The reporter=s record of those proceedings has been filed in this
Court.  

The record reflects that appellant
did not appear at the hearing on March 31, 2009.  Appellant=s counsel, Paul Decuir, Jr., was present
for the hearing. The trial court proceeded with the hearing and stated on the
record that the hearing was being conducted to determine whether the appellant
wishes to prosecute the appeal.      

At the hearing, appellant=s counsel, Paul Decuir, Jr., advised
the trial court “If the court will recall, I=ve met with the court on two or three
different occasions prior to this; and we could not find her, locate her. We
did track down to where she had a case filed on her in Beaumont, Jefferson
County.  Went down there on the date she
was supposed to appear and she did not appear . . . that was back in August of
[20]08.  Counsel Decuir then informed the
trial court that appellant had not contacted him after that date.  The trial court concluded the abatement hearing
by stating “Apparently, she has abandoned the appeal.”

 We note that the records of the Harris County
Justice Information System reflect that appellant is on bond.  We also note that the clerk's record does not
contain a finding of indigency, and the record reflects that counsel Paul
Decuir was retained by appellant. 

On February 9, 2010, the trial
court’s “Findings and Recommendations on Appellate Court’s Order of Abatement”
were filed with the Clerk of this Court. 
The trial court made the following findings of fact:

(1) Appellant is represented  by attorney Paul Decuir. (2) After filing
notice of appeal on June 20, 2007, Mr. Decuir has been unable to locate
appellant.  (3) His last unsuccessful
attempt, in August of 2008 entailed going to Beaumont, Texas where she was to
appear in another court on an unrelated matter. (4) Mr. Decuir has no current
information on the location of appellant. The trial court concludes that
appellant has abandoned her appeal.  The trial
court recommends that the Court of Appeals dismiss the appeal. 

          The
trial court has conducted an abatement hearing and attempted to locate appellant.  Appellant has chosen not to keep her counsel,
the trial court and this Court informed of her whereabouts.  Accordingly, further abatement of this cause
would be futile.  See Wilson v. State, 39 S.W.3d 390, 391 (Tex.App.‑Waco 2001,
no pet.) (per curiam).  The trial court
has determined that Carroll has abandoned her appeal.  

          On
May 17, 2010, we reinstate the appeal and advised the parties that the appeal would
be set for submission on May 25, 2010. 
We advised the parties that this appeal would be considered without
briefs on the record alone.  We did not
receive a response to our order of May 17, 2010.

           According to the Rules of Appellate Procedure,
we may consider an appeal without briefs if the trial court has found that the
appellant no longer desires to prosecute the appeal.  See Tex.
R. App. P. 38.8(b)(4).  The trial court
did not make such a finding in this case. 
However, we find that because appellant has done nothing to prosecute
the appeal and has not kept this Court or the trial court informed of her
whereabouts, appellant no longer desires to prosecute the appeal.  We further find that good cause exists to
suspend the requirement of Rule 38.8(b)(4) that the finding be made by the
trial court.  See Tex. R. App. P. 2.  Accordingly,
we will consider the appeal without briefs.

          We
have reviewed the record for fundamental error and find none.  See Carroll v. State, 75 S.W.3d 633,
634 (Tex. App.CWaco 2002, no pet.); Ashcraft v.
State, 802 S.W.2d 905, 906 (Tex. App.CFort Worth 1991, no pet.); Meza v.
State, 742 S.W.2d 708, 708-09 (Tex. App.CCorpus Christi 1987, no pet.).

          We
affirm the judgment of the trial court.

          We
deny as moot any pending motions.

PER CURIAM

Panel consists of Justices Keyes, Hanks, and Higley.

Do not publish. 
 Tex. R. App. P. 47.2(b).