**Opinion filed August 7, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00326-CR
_____

## AMMIE LUCILLE SMITH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. CR137834**

### M E M O R A N D U M   O P I N I O N

Ammie Lucille Smith appeals her jury conviction of the misdemeanor offense of false report to a peace officer.[1]  The trial court assessed Appellant's punishment at 180 days in jail, probated for a term of one year, and a fine of $1,500.  We affirm.

---

[1]*See* TEX. PENAL CODE ANN. § 37.08 (West Supp. 2013).

## I. *Background*

Prior to trial, Appellant filed an affidavit regarding indigence, in which she stated that she had a monthly income of almost $2,000. Based on the affidavit, the trial court assigned Appellant court-appointed counsel.

After the jury found Appellant guilty of the offense of false report to a peace officer, the trial court ordered Appellant to reimburse Midland County for the cost of her court-appointed attorney. Appellant's attorney then filed a notice of appeal and a motion to withdraw. In the motion to withdraw, counsel informed the trial court that Appellant had requested that he withdraw. The trial court granted the motion.

When this court first notified Appellant that her brief was due, we received a pro se response in which Appellant stated that she needed more time to find an attorney. We then abated this appeal, notified Appellant of the abatement, and remanded the case to the trial court so that it could conduct a hearing to determine the following: whether Appellant was indigent and, if so, whether she desired to have counsel appointed for appeal; whether Appellant had retained counsel; and whether Appellant wished to continue this appeal.

Upon remand, the trial court set this case for a hearing. Although the county clerk duly notified Appellant of the hearing, Appellant failed to appear. Consequently, the trial court was unable to make any of our requested determinations.

This court then once again notified Appellant that her brief was due for filing. In response, Appellant filed pro se correspondence that we assume is meant to serve as her brief.

## II. *Analysis*

We find that Appellant's brief is insufficient to meet the requirements imposed by TEX. R. APP. P. 38.1. *See McDuff v. State*, 939 S.W.2d 607, 613 (Tex.

Crim. App. 1997) (holding that an insufficiently briefed point of error presents nothing for review). Although we give a pro se appellant some latitude in complying with the Rules of Appellate Procedure, Appellant's brief fails to meet almost all of the requirements.[2] *See Perez v. State*, 261 S.W.3d 760, 763 n.2 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding that a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure).

Appellant's brief does not identify the parties involved in this case and contains no statement of the case and no prayer. *See* TEX. R. APP. P. 38.1(a), (d), (j). Appellant's brief also fails to allege specific points of error and contains no legal authority or argument. *See* TEX. R. APP. P. 38.1(f), (i). Although Appellant provides a recitation of the facts, she does not identify where those facts can be found within the appellate record. *See* TEX. R. APP. P. 38.1(g); *Narvaiz v. State*, 840 S.W.2d 415, 430 (Tex. Crim. App. 1992) (holding that appellant waived any error by failing to identify where in the record the alleged error occurred).

It is apparent from the tenor of Appellant's brief that she is dissatisfied with her conviction; however, dissatisfaction alone is not enough to sustain an appeal. *See Payne v. State*, No. 14-93-00509-CR, 1995 WL 321181, at *1 (Tex. App.— Houston [14th Dist.] May 25, 1995, pet. ref'd) (not designated for publication). We also note that Appellant is not entitled to special consideration solely because she is pro se. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988).

There is nothing but the record presented for our review. We have reviewed the record and have concluded that no fundamental error occurred in this case. *See*

---

[2]In her brief, Appellant states that she is unable to afford an attorney. This court is not the proper place to address such a claim. Appellant was given an opportunity to present her claim of indigence to the trial court, and she failed to appear. Without any reference in the record to her retention of counsel or any appointment of counsel, we are constrained to assume that Appellant chose to appear and proceed pro se in this appeal.

*Ashcraft v. State*, 802 S.W.2d 905, 906 (Tex. App.—Fort Worth 1991, no pet.); *Meza v. State*, 742 S.W.2d 708, 709 (Tex. App.—Corpus Christi 1987, no pet.); *see also* TEX. R. APP. P. 38.8(b)(4).

III. <em>This Court's Ruling</em>

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

August 7, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.