**Richard SCOTT, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 10–01–00077–CR.**

Court of Appeals of Texas, Waco.

April 13, 2005.

Discretionary Review Refused Sept. 28, 2005.

Rehearing Overruled April 26, 2005.

extend.

Richard Scott, Hamilton, pro se.

B.J. Shepherd, Bosque County Dist. Atty., Martin L. Peterson, Bosque County Asst. Dist. Atty., Meridian, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Richard Scott of securing the execution of a document by deception. The court assessed his punishment at one year's confinement in a state jail and a $2,000 fine. Scott represents himself on appeal and has failed to file a brief. We have reviewed the record for unassigned fundamental error, and having found none, we will affirm.

### Background

The indictment alleges in pertinent part that Scott:

with intent to defraud and harm another, by deception caused or induced Debbie Rudolph, a public servant, to file or record a purported judgment of a pur-

ported judicial officer of a purported judicial entity that is not expressly created or established under the constitution or laws of this state or of the United States.

The indictment charges an offense under section 32.46 of the Penal Code, which provides in pertinent part:

(a) A person commits an offense if, with intent to defraud or harm any person, he, by deception:

. . . .

(2) causes or induces a public servant to file or record any purported judgment or other document purporting to memorialize or evidence an act, an order, a directive, or process of:

(A) a purported court that is not expressly created or established under the constitution or the laws of this state or of the United States;

(B) a purported judicial entity that is not expressly created or established under the constitution or laws of this state or of the United States; or

(C) a purported judicial officer of a purported court or purported judicial entity described by Paragraph (A) or (B).

TEX. PEN.CODE ANN. § 32.46(a)(2) (Vernon 2003).

Scott's right to counsel was addressed at length during several pretrial hearings. Scott filed a motion alleging that he was indigent and requesting funds to hire counsel of his own choosing. Scott also filed a motion to obtain counsel of his own choosing who is not a member of the State Bar. The court denied these motions.

The State sent a letter to the trial judge asking the judge to plainly admonish Scott on the record regarding the dangers and disadvantages of self-representation because to that point Scott had not clearly and unequivocally waived his right to counsel. According to this letter, Scott advised the court in an August 22, 2000 hearing that he did not want court-appointed counsel "because he thought such counsel would betray him or 'serve the court's interest.'" In response, Scott filed a pleading asserting that he had not "waived his right to counsel of his choice, who is not a lawyer or member of the Texas BAR Association."

The court allowed Scott to complete an application for court-appointed counsel. However, Scott filed a motion to recuse, which was referred to another judge and denied. In the affidavit supporting the recusal motion, Scott notes that the "court has repeatedly lectured the defendant on the supposed vital importance of his allowing the court to appoint an attorney to represent him."

The judgment recites that Scott appeared without counsel at trial, "the Court having previously determined that Defendant knowingly and intelligently asserted his right to self-representation and, though claiming indigency, refused to request appointment of counsel or comply with the requirements of art. 26.04(c) . . . of the Code of Criminal Procedure."

**Appellate History**

Scott sought a free appellate record and the appointment of appellate counsel due to his alleged indigence. The trial court denied Scott's indigence claim because Scott refused to testify under oath or by affirmation because of his religious beliefs. This Court reversed the indigence ruling and remanded the matter to the trial court for further consideration. *See Scott v. State*, 80 S.W.3d 184 (Tex.App.-Waco 2002, pet. ref'd).

On remand, the trial court received testimony and evidence from Scott and others. Scott's mother-in-law testified that he

owns a home which she gave him and which is unencumbered. The State presented evidence that the appraised value of this home is $26,220. The trial court signed an order denying Scott's indigence claim because: (1) he owns property worth more than $20,000; and (2) he has made no effort to seek employment. This Court affirmed this order in an unpublished opinion. See Scott v. State, No. 10–02–00350–CR, 2004 WL 691685 (Tex.App.-Waco Mar. 31, 2004, pet. dism'd, untimely filed) (not designated for publication).

Thereafter, the Clerk of this Court notified Scott that he must pay the reporter's fee for preparation of the reporter's record or the appeal would be submitted on the clerk's record alone. Despite being given ample opportunity to do so, Scott did not pay the fee, and the Clerk notified him that the appeal would be submitted on the clerk's record alone. See TEX.R.APP. P. 37.3(c).

The Clerk then notified Scott that his brief was due within thirty days. After this deadline passed, the Clerk notified Scott that his brief must be filed within fourteen days or the appeal may be considered without briefs or dismissed for abuse of the judicial process. See Lott v. State, 874 S.W.2d 687, 688 (Tex.Crim.App.1994); Peralta v. State, 82 S.W.3d 724, 725 (Tex. App.-Waco 2002, no pet.); see also Brager v. State, No. 0365–03, 2004 WL 3093237 (Tex.Crim.App. Oct.13, 2004) (not designated for publication).

Scott filed a motion to stay the appeal pending the resolution of a habeas proceeding in the trial court. This Court denied Scott's request, and he filed an interlocutory "appeal" from the denial by this Court. The Clerk forwarded Scott's appeal and the record to the Court of Criminal Appeals, which concluded that Scott's appeal did not invoke its jurisdiction. The Clerk of this Court then notified Scott that he had thirty days to file the appellant's brief, again warning Scott that, if he failed to do so, the appeal may be considered without briefs or dismissed for abuse of the judicial process. Id.

After Scott failed to file an appellant's brief, the appeal was submitted without briefs.

### Should The Appeal Be Dismissed?

■ Rule of Appellate Procedure 38.8(b) generally requires an appellate court to abate an appeal to the trial court when the appellant's brief in a criminal case is not filed. However, Rule 38.8(b) does not apply when the appellant is representing himself. See Lott, 874 S.W.2d at 688 n. 2; Wade v. State, 31 S.W.3d 723, 725 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) (per curiam); Coleman v. State, 774 S.W.2d 736, 738–39 (Tex.App.-Houston [14th Dist.] 1989, no pet.).

■ A criminal appeal may not be dismissed because of an appellant's failure to file his brief. TEX.CODE CRIM. PROC. ANN. art. 44.33(b) (Vernon 1979); cf. TEX.R.APP. P. 38.8(a)(1) (authorizing dismissal of civil appeal if appellant fails to file brief and fails to reasonably explain such failure). However, a criminal appeal may be dismissed under rare circumstances for bad-faith abuse of the judicial process. See Brager, 2004 WL 3093237, at *1–3; see also Peralta, 82 S.W.3d at 725.

■ Scott has filed a significant number of ancillary pleadings and proceedings during the course of this appeal. Thus, it could be argued that he has engaged in dilatory tactics and abuse of the judicial process rather than seriously pursuing his appeal. Cf. id. A finding that he has done so would enable this Court to dismiss the appeal. See Brager, 2004 WL 3093237, at *3; Peralta, 82 S.W.3d at 725. However, we decline to do so.

As the Court of Criminal Appeals emphasized in *Brager*, the dismissal of an appeal on this basis should be limited to "the most extreme circumstances." *Brager*, 2004 WL 3093237, at *6. Although Scott's case arguably tests the limits for what constitute such circumstances, we will not dismiss his appeal. Rather, we will review the limited record available to us for unassigned fundamental error. *See Lott*, 874 S.W.2d at 688; *Carroll v. State*, 75 S.W.3d 633, 634 (Tex.App.-Waco 2002, no pet.); *Wade*, 31 S.W.3d at 725.

### Fundamental Error

The Court of Criminal Appeals has identified a limited number of errors which are considered "fundamental." The Court has identified three categories of fundamental error. They are (1) the denial of absolute, systemic requirements, (2) the violation of rights which are waivable only, and (3) errors recognized by the legislature as fundamental. *See Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex.Crim.App.2002) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993)).

In *Saldano*, the Court enumerated the following "fundamental errors":

· absence of jurisdiction over the person of the defendant;

· absence of subject-matter jurisdiction;

· prosecution under an *ex post facto* law;

· denial of the right to counsel;

· denial of the right to a jury trial;

· denial of 10 days' preparation before trial for appointed counsel;

· holding trials at a location other than the county seat;

· comments by a trial judge which taint the presumption of innocence; and

· jury charge errors resulting in egregious harm.

*See Saldano*, 70 S.W.3d at 887–89. We will review the clerk's record for any of these errors.

■ The presentment of an indictment invests the trial court with jurisdiction over the person of the defendant. *Olivo v. State*, 918 S.W.2d 519, 524–25 (Tex.Crim. App.1996); *accord Ramirez v. State*, 105 S.W.3d 628, 629 (Tex.Crim.App.2003). District courts have subject-matter jurisdiction over felony cases. TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005).

The indictment in this case charges Scott with the commission of a state jail felony. Thus, the indictment invested the trial court with jurisdiction over Scott's person and over the subject matter of the case.

The statute under which Scott was prosecuted was enacted in 1997. *See* Act of May 10, 1997, 75th Leg., R.S., ch. 189, § 2, 1997 Tex. Gen. Laws 1045, 1046 (amended 2003) (current version at TEX. PEN.CODE ANN. § 32.46 (Vernon Supp.2004–2005)). Scott committed the offense in 2000. Thus, he has not been prosecuted under an *ex post facto* law.

The trial court labored diligently to ensure that Scott's right to counsel was scrupulously honored. Ultimately however, Scott refused to permit the court to appoint an attorney to represent him. Moreover, Scott is not indigent. The trial court gave Scott a more-than-reasonable opportunity to hire his own attorney. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (Vernon 2005). Thus, Scott's right to counsel has not been denied.

■ Scott requested and received a jury trial. Although it may be noted that the jury did not assess Scott's punishment, his jury request did not seek jury sentencing. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp.2004–2005). Moreover, there is no constitutional right to

jury sentencing. *See McMillan v. Pa.,* 477 U.S. 79, 93, 106 S.Ct. 2411, 2420, 91 L.Ed.2d 67 (1986); *Martin v. State,* 753 S.W.2d 384, 388 (Tex.Crim.App.1988); *Martinez v. State,* 66 S.W.3d 467, 471 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd).

Because Scott did not have appointed counsel, the ten days' preparation time required by article 1.051(e) does not apply. Scott himself had more than ten days' notice before trial.

Scott was tried at the county seat.

Because Scott has failed to pay the reporter's fee for preparation of the reporter's record, we cannot find that the trial court made any comments which improperly tainted the presumption of innocence.

Finally, we have reviewed the jury charge and find it to be substantially correct.

### Conclusion

We have reviewed the clerk's record for unassigned fundamental error. Having found none, we affirm the judgment.