KERSH v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-246-CR

MARY CATHLEEN KERSH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mary Cathleen Kersh appeals her convictions for keeping a gambling place, gambling promotion, and possession of a gambling device. After the trial court found Appellant guilty of all three offenses, it assessed Appellant’s punishment at 365 days in jail for each offense, probated for 24 months.  Additionally, the court assessed a $4000 fine in the conviction for keeping a gambling place.  As will be described in more detail below, we submitted this appeal without a brief having been filed on behalf of Appellant.  
See
 
Tex. R. App. P.
 38.8(b)(4).  Having reviewed the record in the interest of justice and finding no unassigned fundamental error, we affirm the judgments of the trial court. 

Appellant’s brief was originally due on November 17, 2004.  On November 23, 2004, this court notified Appellant’s retained appellate counsel, Jim Shaw,
(footnote: 2) that no brief had yet been filed.  On December 20, 2004, we granted counsel’s motion to abate this appeal and to remand the case to the trial court for certain findings to be made regarding the lack of an appellate brief having been filed on behalf of Appellant.  At the hearing, the trial court found that Appellant desired to prosecute her appeal and Appellant stated that she was not indigent and she intended to hire new counsel. 

On January 18, 2005, we notified Appellant’s new retained counsel, David A. Pearson, IV, that Appellant’s brief was now due February 14, 2005.  On February 7, 2005, we granted Mr. Pearson’s motion requesting a 45-day extension of time to file a brief on behalf of Appellant; the new due date was March 31, 2005.

On March 31, 2005, Mr. Pearson filed a motion with this court requesting to withdraw as counsel of record.  On April 18, 2005, we granted Mr. Pearson’s motion to withdraw, again abated the appeal, and again remanded the case to the trial court to conduct a hearing with Appellant present to make certain findings.  At the May 16, 2005 hearing, the trial court found that Appellant was not indigent, and Appellant indicated she would attempt to retain an attorney.

On May 23, 2005, we notified Appellant, pro se, that her brief was due June 22, 2005.  On June 16, 2005, Jim Shaw notified us that he had been retained to represent Appellant on appeal.  On June 24, 2005, we notified Mr. Shaw that Appellant’s brief was overdue.  On July 7, 2005, Mr. Shaw filed a motion for extension of time to file a brief on behalf of Appellant.  On July 8, 2005, we granted counsel’s motion and ordered the brief due August 19, 2005.  Our order stated “
NO FURTHER EXTENSIONS FOR APPELLAN’TS
 [sic] 
BRIEF WILL BE GRANTED.
” 

On August 19, 2005, Mr. Shaw filed another motion for extension of time to file a brief on behalf of Appellant.  On August 26, 2005, we denied counsel’s motion and ordered the appeal submitted without an appellant’s brief.  
See
 
Tex. R. App. P.
 38.8(b)(4).  On September 26, 2005, the State filed its brief.
(footnote: 3)
 Because Appellant failed to file a brief, no issues or points are properly before this court.  
See
 
Tex. R. App. P.
 38.1(e).  We have reviewed the record in the interest of justice.  
See
 
Tex. R. App. P.
 38.8(b)(4).  Our examination does not reveal unassigned fundamental error.  
See Lott v. State
, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994). 
 Accordingly, we affirm the trial court’s judgments. 

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and McCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Mr. Shaw was also Appellant’s retained trial counsel. 

3:
The State in its brief initially requests that we dismiss this appeal for want of prosecution because Appellant has not filed a brief on appeal.  However, our Texas Rules of Appellate Procedure and Texas Code of Criminal Procedure do not authorize such a dismissal.  
See
 
Tex. R. App. P.
 38.8(b)(1) (stating that appellant’s failure to file a brief does not authorize dismissal of the appeal); 
Tex. Code Crim. Proc. Ann.
 art. 44.33 (Vernon Supp. 2005) (providing that appellant’s failure to file an appellate brief shall not authorize a dismissal of the appeal nor shall court of appeals for such reason refuse to consider appellant’s case on appeal).  
Cf.
 
Tex. R. App. P.
 38.8(a)(1) (providing for dismissal for want of prosecution in 
civil
 appeal if appellant fails to file a brief); 
Tex. R. App. P.
 42.4 (providing for involuntary dismissal in criminal appeal if an appellant escapes from custody pending appeal). 
 
But see
 
Scott v. State, 
167 S.W.3d 62, 65 (Tex. App.—Waco 2005, pet. ref’d) (opining that criminal appeal may be dismissed under rare circumstances for bad-faith abuse of the judicial process).  However, we note that the court in 
Scott
 improperly relied upon an unpublished case from the Texas Court of Criminal Appeals.  
See id.; 
 
Tex. R. App. P. 77.3
 stating unpublished cases from that court “must not be cited as authority by counsel or by a court”.