COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-246-CR

 

 

MARY CATHLEEN KERSH                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Mary Cathleen Kersh
appeals her convictions for keeping a gambling place, gambling promotion, and
possession of a gambling device. After the trial court found Appellant guilty
of all three offenses, it assessed Appellant=s punishment at 365 days in jail for each offense, probated for 24
months.  Additionally, the court assessed
a $4000 fine in the conviction for keeping a gambling place.  As will be described in more detail below, we
submitted this appeal without a brief having been filed on behalf of
Appellant.  See Tex. R. App. P. 38.8(b)(4).  Having reviewed the record in the interest of
justice and finding no unassigned fundamental error, we affirm the judgments of
the trial court. 

Appellant=s brief was originally due on November 17, 2004.  On November 23, 2004, this court notified
Appellant=s retained
appellate counsel, Jim Shaw,[2]
that no brief had yet been filed.  On
December 20, 2004, we granted counsel=s motion to abate this appeal and to remand the case to the trial
court for certain findings to be made regarding the lack of an appellate brief
having been filed on behalf of Appellant. 
At the hearing, the trial court found that Appellant desired to
prosecute her appeal and Appellant stated that she was not indigent and she
intended to hire new counsel. 

On January 18, 2005, we
notified Appellant=s new
retained counsel, David A. Pearson, IV, that Appellant=s brief was now due February 14, 2005. 
On February 7, 2005, we granted Mr. Pearson=s motion requesting a 45-day extension of time to file a brief on
behalf of Appellant; the new due date was March 31, 2005.








On March 31, 2005, Mr.
Pearson filed a motion with this court requesting to withdraw as counsel of
record.  On April 18, 2005, we granted
Mr. Pearson=s motion to
withdraw, again abated the appeal, and again remanded the case to the trial
court to conduct a hearing with Appellant present to make certain
findings.  At the May 16, 2005 hearing,
the trial court found that Appellant was not indigent, and Appellant indicated
she would attempt to retain an attorney.

On May 23, 2005, we notified
Appellant, pro se, that her brief was due June 22, 2005.  On June 16, 2005, Jim Shaw notified us that
he had been retained to represent Appellant on appeal.  On June 24, 2005, we notified Mr. Shaw that
Appellant=s brief was
overdue.  On July 7, 2005, Mr. Shaw filed
a motion for extension of time to file a brief on behalf of Appellant.  On July 8, 2005, we granted counsel=s motion and ordered the brief due August 19, 2005.  Our order stated ANO FURTHER EXTENSIONS FOR APPELLAN=TS [sic] BRIEF WILL BE
GRANTED.@ 

On August 19, 2005, Mr. Shaw
filed another motion for extension of time to file a brief on behalf of
Appellant.  On August 26, 2005, we denied
counsel=s motion and ordered the appeal submitted without an appellant=s brief.  See Tex. R. App. P. 38.8(b)(4).  On September 26, 2005, the State filed its
brief.[3]








Because Appellant failed to file a brief, no issues or points are
properly before this court.  See Tex. R. App. P. 38.1(e).  We have reviewed the record in the interest
of justice.  See Tex. R. App. P. 38.8(b)(4).  Our examination does not reveal unassigned
fundamental error.  See Lott v. State,
874 S.W.2d 687, 688 (Tex. Crim. App. 1994). 
Accordingly, we affirm the trial court=s
judgments. 

PER CURIAM

 

PANEL
F:  HOLMAN, J.; CAYCE, C.J.; and McCOY,
J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 10, 2005











[1]See Tex. R. App. P. 47.4.





[2]Mr.
Shaw was also Appellant=s
retained trial counsel. 





[3]The
State in its brief initially requests that we dismiss this appeal for want of
prosecution because Appellant has not filed a brief on appeal.  However, our Texas Rules of Appellate
Procedure and Texas Code of Criminal Procedure do not authorize such a
dismissal.  See Tex. R. App. P. 38.8(b)(1) (stating
that appellant=s
failure to file a brief does not authorize dismissal of the appeal); Tex. Code Crim. Proc. Ann. art. 44.33
(Vernon Supp. 2005) (providing that appellant=s
failure to file an appellate brief shall not authorize a dismissal of the
appeal nor shall court of appeals for such reason refuse to consider appellant=s
case on appeal).  Cf. Tex. R. App. P. 38.8(a)(1) (providing for
dismissal for want of prosecution in civil appeal if appellant fails to
file a brief); Tex. R. App. P.
42.4 (providing for involuntary dismissal in criminal appeal if an appellant
escapes from custody pending appeal).  But
see Scott v. State, 167 S.W.3d 62, 65 (Tex. App.CWaco
2005, pet. ref=d)
(opining that criminal appeal may be dismissed under rare circumstances for bad‑faith
abuse of the judicial process).  However,
we note that the court in Scott improperly relied upon an unpublished
case from the Texas Court of Criminal Appeals. 
See id.;  Tex. R. App. P. 77.3 stating
unpublished cases from that court Amust not be cited as
authority by counsel or by a court@.