**Overille Denton THOMPSON, Jr, Appellant**

v.

**The STATE of Texas, Appellee**

**NOS. 14–16–00413–CR, 14–16–00414–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Order filed May 2, 2017

Overille Denton Thompson, Beeville, TX, Jr., for Appellant.

Eric Kugler, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

**ORDER**

PER CURIAM

Appellant filed motions to withdraw the brief filed by his court-appointed counsel and proceed pro se in these appeals. On March 23, 2017, we abated these appeals and ordered the trial court to hold a hearing to determine whether (1) appellant desires to prosecute his appeals; (2) appellant wishes to discharge his appointed attorney and proceed with his appeals pro se; (3) the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; (4) appellant's decision to proceed pro se is in the best interest of appellant and of the State; and (5) appellant is fully aware of the dangers and disadvantages of self-representation. *See Funderburg v. State*, 717 S.W.2d 637 (Tex. Crim. App. 1986); *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976); *Trevino v. State*, 555 S.W.2d 750 (Tex. Crim. App. 1977).

The trial court held the hearing and found that appellant desires to prosecute his appeals, to discharge his appointed attorney, and to proceed pro se. The trial court further found that appellant's decision to waive assistance of counsel was voluntarily and knowingly made and appellant is fully aware of the dangers and disadvantages of representing himself.

Based on the trial court's findings, we order as follows:

1. The appeals are reinstated.

2. Appellant's motion to proceed pro se, filed March 3, 2017, is **GRANTED.**

3. Appellant's motion to withdraw brief and proceed pro se, filed March 24, 2017, is **GRANTED.**

4. The brief filed by appellant's former counsel on March 6, 2017, is **STRICKEN.**

5. Appellant is ordered to file a brief or a motion for extension of time to file a brief by **June 1, 2017.**

## ADMONITION TO APPELLANT REGARDING FAILURE TO TIMELY FILE A BRIEF

Texas Rule of Appellate Procedure 38.8(b)(1) states that a court of appeals may not dismiss the appeal or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule was designed to protect an indigent appellant from the failure of his appointed counsel to provide a brief. The rule further provides that under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing already has been held and the trial court already has found that appellant desires to prosecute his appeals, voluntarily and knowingly waives the right to counsel, and is fully aware of the dangers and disadvantages of representing himself. Despite the text of Rule 38.8(b), under binding precedent, this court may consider this appeal without briefs if appellant does not timely file a pro se brief. *See Lott v. State,* 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief

after being properly admonished); *Coleman v. State,* 774 S.W.2d 736, 738–39 (Tex. App.–Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs when a pro se appellant has not timely filed a pro se brief, without any requirement of any of the trial court findings set forth in current Rule 38.8(b)(4)). **Therefore, if appellant fails to comply with this order, we will decide this appeal upon the record before the court.**