

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00188-CR

**JETMIR NOKSHIQI,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 2018-2684-CR2**

## OPINION

Appellant Jetmir Nokshiqi was convicted by a jury of misdemeanor assault, and

the trial court granted Nokshiqi's request for community supervision. Nokshiqi was

represented by retained counsel at trial, but filed this appeal *pro se.*

By letter dated October 20, 2021, the court reporter notified this Court that

Nokshiqi had not made arrangements for the reporter's record. We abated the case to

the trial court to conduct a hearing to determine whether Nokshiqi wished to continue

the appeal and, if so, whether he was entitled to appointed counsel. We requested that

the trial court also inform Nokshiqi that he would be required to make arrangements for the reporter's record if he elected to continue his appeal *pro se*.

After a hearing, at which Nokshiqi appeared, the trial court made the following findings of fact:

1.     The Defendant confirmed that

     a.     Jason Darling had declined representation on appeal in this matter, although he assisted the Defendant in drafting notice of appeal;

     b.     Jason Darling has previously provided the Defendant with the names of various attorneys in this area who are experienced in criminal appellate matters;

     c.     He has contacted the office of Alan Bennett, a local attorney with experience in criminal appeals and intends to retain Mr. Bennett this week;

2.     The Defendant is self-employed and receives income in the form of a draw from the net income of his businesses in an amount which clearly establishes that he is not indigent;

3.     The Defendant refuses to waive his right to counsel;

4.     The Defendant understands the imminent nature of the deadlines established by the Court of Appeals;

5.     The Defendant acknowledges receipt from the official court reporter in August, 2021, of an estimate of $2,500.00 for the cost of a record of proceedings at the trial Court level;

6.     The Defendant acknowledges and understands his responsibility to request, pay for and provide a record of the trial proceedings within the time periods established by the Court of Appeals in order for his appeal to proceed;

7.     The Defendant acknowledges that, if he does not retain counsel on appeal immediately, the Court of Appeals may proceed under the

expectation that the Defendant is electing to waive counsel and continue pro se.

The trial court made the following conclusions of law:

1.  The Defendant is not indigent according to law and the standards established by the County Court at Law No. Two of McLennan County, Texas;

2.  The Defendant does not wish to apply for court-appointed counsel on appeal, but chooses to retain counsel;

3.  The Defendant does not wish to waive counsel on appeal;

4.  The Defendant has been made aware of the consequences of his decisions in this matter and of any further delays by the Defendant in retaining legal counsel and meeting all deadlines;

5.  The Defendant's decisions herein have been made voluntarily and with a full understanding of the potential results of any delay on his part.

The appeal was then reinstated, and we ordered Nokshiqi on January 19, 2022 to make arrangements to have the court reporter's record filed within thirty days. In the same order, we notified Nokshiqi that his appellate brief was due within thirty days after the court reporter's record was filed.

Despite being admonished by the trial court at the abatement hearing that time was of the essence in retaining appellate counsel, Nokshiqi has not informed us that he has retained an attorney for this appeal nor has any attorney made an appearance on his behalf.

By letter dated February 18, 2022, the court reporter again notified us that Nokshiqi had not made arrangements for the reporter's record. We directed Nokshiqi in a letter dated February 28, 2022 to immediately request the court reporter to prepare

the record and to notify us of his request within twenty-one days. Nokshiqi was warned that failure to request the reporter's record would result in the appeal proceeding on the clerk's record alone. After Nokshiqi failed to make arrangements for the court reporter's record, we notified him by letter dated March 30, 2022 that the appeal would be submitted on the clerk's record alone and that his appellate brief was due within thirty days.

Nokshiqi did not file an appellate brief. We notified Nokshiqi in a letter dated May 9, 2022 that if he did not file a brief or a satisfactory response, we would abate the appeal and direct the trial court to conduct a hearing pursuant to TEX. R. APP. P. 38.8(b)(2) and (3). Nokshiqi did not file an appellate brief or otherwise respond. We abated the appeal once again on May 23, 2022 and directed the trial court to conduct another hearing to determine whether Nokshiqi desired to prosecute this appeal and whether he is indigent, or, if not indigent, whether retained counsel had abandoned the appeal. The trial court conducted a hearing on June 9, 2022. Notice of the hearing was sent by the trial court to Nokshiqi at his last known mailing and email addresses, but Nokshiqi did not appear at the hearing. The trial court entered the following findings, conclusions, and recommendations:

1. The Appellant does not desire to prosecute the appeal;

2. The Appellant is not indigent, refuses to waive counsel and has been made aware of all applicable deadlines and potential consequences of his failure to prosecute his appeal;

3. The Appellant has taken no action in this Court to demonstrate a desire to prosecute the appeal.

Rule 38.8(b)(1) provides that a court of appeals may not dismiss an appeal or consider an appeal without briefs unless it is shown that an appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1). The trial court has determined that Nokshiqi is not indigent, that he has made no arrangements for filing a brief, and that he no longer desires to prosecute this appeal. *See* TEX. R. APP. P. 38.8(b)(4). Under such circumstances, "the appellate court may consider the appeal without briefs, as justice may require." *Id.*; *see also Thompson v. State*, 525 S.W.3d 744, 745 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Rule 38.8 is tempered by Article 44.33(b) of the Code of Criminal Procedure, which provides that the failure of an appellant to file a brief does not authorize a court of appeals to dismiss an appeal for such reason or to refuse to consider the appellant's case on appeal. TEX. CODE CRIM. PROC. ANN. art. 44.33(b). In such a circumstance, we review the limited record available for unassigned fundamental error. *See Scott v. State*, 167 S.W.3d 62, 66 (Tex. App.—Waco 2005, pet. ref'd).

We and the trial court have made every effort to protect Nokshiqi's rights, and further abatement of this cause would be futile. *See Carroll v. State*, 75 S.W.3d 633, 634 (Tex. App.—Waco 2002, no pet.). We have submitted the appeal without briefs and have reviewed the record for fundamental error. *See* TEX. R. APP. P. 38.8(b)(4); *Lott v. State*, 874 S.W.2d 687, 687-88 (Tex. Crim. App. 1994); *Carroll*, 75 S.W.3d at 634.

Our review of the record discloses no unassigned fundamental error. *See Lott*, 874 S.W.2d at 688; *see also Scott*, 167 S.W.3d at 66. Accordingly, we affirm the trial court's judgment.


MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed July 20, 2022
Publish
[CR25]

