# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00082-CR

---

**Darren Latodd Houston, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
### NO. 2020R-154, THE HONORABLE JAMES H. SHOEMAKE, JUDGE PRESIDING

---

### O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Darren Latodd Houston is currently represented on appeal by appointed counsel. On October 3, 2023, counsel attempted to file a "Motion for Extension of Time to File Brief," in which he requested that we order him withdrawn and allow appellant to represent himself.[1] On November 17, 2023, the Court received a letter from appellant confirming that he wishes to proceed pro se and asking that we order counsel to file a motion to withdraw.

We therefore abate this appeal and remand the cause to the trial court to conduct a hearing and determine whether: (1) appellant desires to prosecute his appeal; (2) appellant wishes to discharge his appointed attorney and proceed with his appeal pro se; (3) the waiver of

---

[1] We rejected the filing because it was not in compliance with Rule of Appellate Procedure 6.5. *See* Tex. R. App. P. 6.5. As of the date of this order, counsel has not filed a corrected motion.

assistance of counsel is made voluntarily, knowingly, and intelligently; (4) appellant's decision to proceed pro se is in the best interest of appellant and of the State; and (5) appellant is fully aware of the dangers and disadvantages of self-representation. *See* Tex. R. App. P. 43.6 (permitting courts of appeals to make "any other appropriate order that the law and the nature of the case require"); *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008); *Funderburg v. State*, 717 S.W.2d 637, 641–42 (Tex. Crim. App. 1986); *Thompson v. State*, 525 S.W.3d 744, 744 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (order) (per curiam). If the trial court determines that appellant has made a voluntary, knowing, and intelligent decision to waive his right to counsel on appeal and to represent himself, it shall revoke its order appointing appellate counsel for appellant.

The court is also ordered to prepare a supplemental reporter's record of the hearing as well as a supplemental clerk's record including all appropriate orders, findings of facts, and conclusions of law. *See* Tex. R. App. P. 34.5(c)(2), .6(d). The records shall be filed with this Court no later than January 12, 2024.

It is ordered on December 1, 2023.


Before Chief Justice Byrne, Justices Kelly and Theofanis

Abated and Remanded

Filed: December 1, 2023

Do Not Publish