

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00137-CR

**BONNIE ALLEN THOMAS A/K/A BONNIE RUTH ALLEN PIERONI A/K/A BONNIE STRAIGHT,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F50926

## MEMORANDUM OPINION

A jury found Appellant Bonnie Allen Thomas a/k/a Bonnie Ruth Allen Pieroni a/k/a Bonnie Straight (Bonnie) guilty of the third-degree felony offense of carrying a weapon in a prohibited place and assessed her punishment at five years' imprisonment and a $10,000 fine but recommended that her period of confinement be suspended and that she be placed on community supervision. In accordance with the jury's recommendation, the trial court suspended Bonnie's sentence of confinement and placed

her on community supervision for a period of five years. Bonnie appealed her conviction to this Court, and we affirmed the trial court's judgment. *See Thomas v. State*, No. 10-17-00138-CR, 2019 WL 4072073 (Tex. App.—Waco Aug. 28, 2019, pet. ref'd) (mem. op., not designated for publication).

The State later filed a motion to revoke Bonnie's community supervision, alleging that she had violated several conditions of her community supervision. Bonnie pleaded "not true" to the allegations; however, the trial court found that Bonnie had violated several conditions of her community supervision. The trial court therefore revoked Bonnie's community supervision and sentenced her to five years' imprisonment. This appeal ensued. We will affirm.

### History of This Appeal

Bonnie timely filed a *pro se* notice of appeal from the trial court's revocation of her community supervision. Because Bonnie appeared to be asserting her right to self-representation in this appeal, we abated the appeal and remanded the cause to the trial court for a hearing. During the hearing, Bonnie refused to execute a written waiver of counsel that substantially complied with Code of Criminal Procedure article 1.051(g); however, based on our review of the supplemental records filed pursuant to our abatement order, we ultimately concluded that a written waiver of the right to counsel was not required in this case. During the hearing, Bonnie advised the trial court that she was not indigent. The trial court warned Bonnie of the dangers and disadvantages of self-representation. Despite such warnings, Bonnie repeatedly asserted her *pro se* rights. Accordingly, as stated in our August 25, 2023 order, we determined that Bonnie had

voluntarily and intelligently waived the right to counsel in this appeal and was representing herself. *See Soderman v. State*, 915 S.W.2d 605, 610–11 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd, untimely filed) (citing *Burgess v. State*, 816 S.W.2d 424, 430–31 (Tex. Crim. App. 1991), and *Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988)).

The clerk's record in this appeal was thereafter filed. We were notified by the official court reporter, however, that the reporter's record had not been filed because Bonnie had failed to pay or make arrangements to pay the reporter's fee for preparation of the record. The Clerk of the Court therefore notified Bonnie in a letter dated November 7, 2023, that the failure to pay or make arrangements to pay the reporter's fee within twenty-one days of the date of the letter would result in the submission of the appeal on the clerk's record alone. Bonnie still did not pay or make arrangements to pay the reporter's fee for preparation of the record. The Clerk of the Court thus notified Bonnie in a letter dated December 14, 2023, that this appeal would be submitted on the clerk's record alone, *see* TEX. R. APP. P. 37.3(b)(2), and that Bonnie's appellant's brief was due thirty days from the date of the letter.

The appellant's brief then became overdue. The Clerk of the Court therefore notified Bonnie in a letter dated February 12, 2024, as follows:

> Our records indicate that appellant's brief was due on or before January 16, 2024. To date, no brief has been filed.
>
> Unless a brief or satisfactory response is received within **14 days** from the date of this letter, this Court must abate the appeal and order the trial court to immediately conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b)(2) & (3).

You will notice that the trial court has been copied with this letter as required by the Rules of Appellate Procedure. TEX. R. APP. P. 38.8(b)(2). Presumably, the purpose of notifying the trial court is to allow intervention by the trial court before this Court formally abates this appeal for a hearing.

When the appellant's brief was not thereafter filed within fourteen days, we abated the appeal to the trial court to conduct any necessary hearings in accordance with Rule of Appellate Procedure 38.8(b)(2) and (3).

The trial court held a hearing and found that Bonnie was not indigent and still desired to prosecute this appeal. Accordingly, we issued an order on May 24, 2024, reinstating this appeal and ordering that the appellant's brief was due within thirty days of the date of the order. The order further stated:

> By this Order, [Bonnie] is notified that, pursuant to our inherent authority, we may dismiss this appeal for want of prosecution unless [Bonnie] files the appellant's brief with this Court within 30 days of the date of this Order. *See Ealy v. State*, 222 S.W.3d 744 (Tex. App.—Waco 2007, no pet.); *Stavinoha v. State*, 82 S.W.3d 690 (Tex. App.—Waco 2002, no pet.). If [Bonnie] fails to file a brief within 30 days of the date of this Order, the Court may conclude that the appeal was taken for inappropriate reasons, including to waste judicial resources, that it lacks merit, or that there was no intention to pursue the appeal for a legitimate and proper purpose. Alternatively, the Court may consider the appeal without briefs, as justice may require.

Well over thirty days has now elapsed since our May 24, 2024 order, and although Bonnie has filed several documents since that time, none of the documents is her appellant's brief.[1] *See* TEX. R. APP. P. 38.1.

---

[1] On July 2, 2024, we received documents from Bonnie, dated June 23, 2024, that she describes as a "writ of habeas corpus and Judicial Notice of Maxims of Law and Brief to Support the writ of habeas corpus." On July 22, 2024, we received a document from Bonnie entitled "Motion for Oral Presentation in Camera, in Equity for Complete Remedy." On July 23, 2024, we received a document from Bonnie entitled "Judgment Findings of Fact and Conclusions of Law." On August 15, 2024, we received a document from Bonnie entitled "Judicial Notice of Change of Address." On December 5, 2024, we received a document

**Discussion**

A court of appeals is generally not authorized to dismiss a criminal appeal, or to refuse to consider the appellant's case on appeal, simply because the appellant failed to timely file a brief. TEX. CODE CRIM. PROC. ANN. art. 44.33(b). The circumstances when a criminal appeal may be dismissed are reserved for those rare situations when the appellant has completely failed to prosecute the appeal or when the appellant has engaged in dilatory and bad-faith abuse of the judicial process. *See Scott v. State*, 167 S.W.3d 62, 65–66 (Tex. App.—Waco 2005, pet. ref'd); *Peralta v. State*, 82 S.W.3d 724, 725 (Tex. App.—Waco 2002, no pet.). Here, even though Bonnie, whom the trial court has determined is not indigent, has failed to make the necessary arrangements for filing a brief, we decline to conclude that she has completely failed to prosecute this appeal or that she has engaged in dilatory and bad-faith abuse of the judicial process instead of seriously pursuing this appeal. Nevertheless, because the trial court has found that Bonnie is not indigent, and she has not made the necessary arrangements for filing a brief, we "may consider the appeal without briefs, as justice may require." *See* TEX. R. APP. P. 38.8(b)(4); *see also Thompson v. State*, 525 S.W.3d 744, 745 (Tex. App.—Houston [14th Dist.] 2017, order) (per curiam). Accordingly, we will review the limited record available to us

---

from Bonnie entitled "Emergency Motion to Correct and Reform a Judgment." And on January 6, 2025, we received a document from Bonnie entitled "Motion for Oral Presentation."

The documents do not contain proper proof of service. *See* TEX. R. APP. P. 9.5. However, to expedite this matter, we implement Rule of Appellate Procedure 2 to suspend Rule of Appellate Procedure 9.5's proof-of-service requirement for the documents. *See id.* R. 2, 9.5. The documents have been posted to the Court's website so that the parties may have access to them.

for unassigned fundamental error. *See Nokshiqi v. State*, 652 S.W.3d 114, 116–17 (Tex. App.—Waco 2022, no pet.); *Scott*, 167 S.W.3d at 66.

First, although Bonnie has asserted in her various filings that the trial court did not have jurisdiction over this case, we conclude that the trial court did have jurisdiction over this case. The indictment here charged Bonnie with the commission of a third-degree felony. Thus, the indictment invested the trial court with jurisdiction over Bonnie's person and over the subject matter of the case. *See* Tex. Code Crim. Proc. Ann. art. 4.05 (stating that district courts have original jurisdiction over criminal felony cases); *Scott*, 167 S.W.3d at 66 ("The presentment of an indictment invests the trial court with jurisdiction over the person of the defendant." (citing *Ramirez v. State*, 105 S.W.3d 628, 629 (Tex. Crim. App. 2003), and *Olivo v. State*, 918 S.W.2d 519, 524–25 (Tex. Crim. App. 1996))). When Bonnie was placed on community supervision, the trial court retained jurisdiction over any proceedings to revoke her community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.754 ("Only the court in which the defendant was tried may revoke the defendant's community supervision unless the judge has transferred jurisdiction of the case to another court under Article 42A.151."); *Labelle v. State*, 692 S.W.2d 102, 105 (Tex. Crim. App. 1985). Furthermore, the State filed its motion to revoke Bonnie's community supervision, and the issuance of a capias occurred, during the community-supervision period. *See Spruill v. State*, 382 S.W.3d 518, 520 (Tex. App.—Austin 2012, no pet.) ("[R]evocation jurisdiction requires the filing of a motion to revoke and the issuance of a capias during the probationary period." (citing *Rodriguez v. State*, 804 S.W.2d 516, 517 (Tex. Crim. App. 1991) (per curiam))).

Additionally, to the extent Bonnie argues that the trial court lacked jurisdiction over her because she is a "sovereign person," our sister courts and federal courts have uniformly rejected this argument. *Waggoner v. State*, No. 01-20-00074-CR, 2021 WL 5828936, at *3 (Tex. App.—Houston [1st Dist.] Dec. 9, 2021, pet. ref'd) (mem. op., not designated for publication) (citing *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *Borne v. State*, 593 S.W.3d 404, 412–13 (Tex. App.—Beaumont 2020, no pet.) (collecting cases and stating that defendant's "alleged sovereign-citizen status does not mean he should be allowed to violate state laws without consequence, nor does it exempt [the defendant] from the jurisdiction of the Texas courts"); and *Lewis v. State*, 532 S.W.3d 423, 430–31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (discussing common trial strategies of "sovereign citizens")).

Next, although Bonnie has asserted in her filings that she never waived her right to counsel regarding the proceedings to revoke her community supervision and that she had "counsel" who was not allowed to help her, we conclude that the trial court did not err in denying her chosen "counsel." Bonnie has made clear that her chosen "counsel" was non-bar-licensed counsel and that she had no wish to retain State Bar licensed counsel. The right to counsel does not include the right to representation by someone who has never been admitted to practice law. *See Henson v. State*, 915 S.W.2d 186, 194

(Tex. App.—Corpus Christi–Edinburg 1996, no pet.); *Coyle v. State*, 775 S.W.2d 843, 845–46 (Tex. App.—Dallas 1989, no pet.).

Bonnie has also asserted in her filings that she was deprived of her right to a jury trial; however, article 42A.751 of the Code of Criminal Procedure, which addresses detention and hearings for violation of conditions of community supervision, provides: "*After a hearing without a jury*, the judge may continue, extend, modify, or revoke the community supervision." TEX. CODE CRIM. PROC. ANN. art. 42A.751(d) (emphasis added). Accordingly, Texas courts have recognized that there is no right to a jury in a revocation hearing. *See Farr v. State*, No. 13-17-00297-CR, 2018 WL 4017118, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2018, no pet.) (mem. op., not designated for publication).

We believe that we and the trial court have made every effort to protect Bonnie's rights and that further abatement of this cause would be futile. *See Nokshiqi*, 652 S.W.3d at 116; *Carroll v. State*, 75 S.W.3d 633, 634 (Tex. App.—Waco 2002, no pet.). We have submitted this appeal without briefs and have reviewed the record for fundamental error.[2] *See* TEX. R. APP. P. 38.8(b)(4); *Lott v. State*, 874 S.W.2d 687, 687–88 (Tex. Crim. App. 1994); *Nokshiqi*, 652 S.W.3d at 116–17; *Carroll*, 75 S.W.3d at 634. Our review of the record

---

[2] We note that in addition to the alleged fundamental error already discussed, Bonnie has also raised in her various filings numerous issues that are not directly related to the trial court's revocation of her community supervision. Specifically, Bonnie complains in her filings of various issues related to her original conviction. We addressed many of Bonnie's complaints in our prior opinion affirming her original conviction. *See Thomas*, 2019 WL 4072073. Furthermore, "[t]he general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed." *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016). Our review of the record reveals nothing to indicate that any exception to the general rule might apply here. *See id.*

discloses no unassigned fundamental error. *See Lott*, 874 S.W.2d at 688; *see also Nokshiqi*, 652 S.W.3d at 117; *Scott*, 167 S.W.3d at 66.

**Conclusion**

In light of the foregoing, we affirm the trial court's judgment. Bonnie's pending motions—her "Motion for Leave to Execute Private Trust," filed on March 20, 2024; her "Motion to Set Aside Indictment Expunge All Charges & Grant All Relief Requested," dated March 26, 2024, and filed on April 5, 2024; her "Motion for Oral Presentation in Camera, in Equity for Complete Remedy," filed on July 23, 2024; her "Emergency Motion to Correct and Reform a Judgment," filed on December 5, 2024; and her "Motion for Oral Presentation," filed on January 6, 2025—are denied. Additionally, to the extent that she is seeking habeas relief, Bonnie's request is dismissed because the courts of appeals have no original habeas-corpus jurisdiction in criminal matters. *See Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding).

MATT JOHNSON
Chief Justice

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Davis[3]
Affirmed
Opinion delivered and filed January 16, 2025
Do not publish
[CR25]



---

[3] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.