# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00773-CR

**Robert Joseph Yezak, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. FR78644, THE HONORABLE DEBBIE GARRETT, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Robert Joseph Yezak is currently represented on appeal by appointed counsel. Appellant has filed a motion to withdraw his notice of appeal, in which he states that it was not his intent "that any such notice be provided" or "that any attorney be appointed for such appeal" and that the filing of the notice of appeal and appointment of appellate counsel were "done against the expressed intentions of Defendant who did not give oral or written notice of appeal."

We therefore abate this appeal and remand the cause to the trial court to conduct a hearing and determine whether: (1) appellant desires to prosecute his appeal; (2) appellant wishes to discharge his appointed attorney and proceed with his appeal pro se; (3) the waiver of assistance of counsel is made voluntarily, knowingly, and intelligently; (4) appellant's decision to proceed pro se is in the best interest of appellant and of the State; and (5) appellant is fully aware of the

dangers and disadvantages of self-representation. *See* Tex. R. App. P. 43.6 (permitting courts of appeals to make "any other appropriate order that the law and the nature of the case require"); *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008); *Funderburg v. State*, 717 S.W.2d 637, 641–42 (Tex. Crim. App. 1986); *Thompson v. State*, 525 S.W.3d 744, 744 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). If the trial court determines that appellant has made a voluntary, knowing, and intelligent decision to waive his right to counsel on appeal and to represent himself, it shall revoke its order appointing appellate counsel for appellant.

The court is also ordered to prepare a supplemental reporter's record of the hearing as well as a supplemental clerk's record including all appropriate orders, findings of facts, and conclusions of law. *See* Tex. R. App. P. 34.5(c)(2), 34.6(d). The records shall be filed with this Court no later than December 19, 2025.

It is so ordered November 26, 2025.


Before Chief Justice Byrne, Justices Crump and Ellis

Abated and Remanded

Filed: November 26, 2025

Do Not Publish